JACOB DeCORDOVA v. DANIEL D. ATCHISON.

The indorsee of a negotiable instrument given to an administrator in his official capacity, for the purchase money of land sold at an administrator's sale, may maintain an action thereon in his own name.

The indorsement of a note transfers the legal title, and the party in whom is the legal title may sue, though the equitable ownership be in another.

Error from Harris. Action by the appllee on the following note:

Houston, July 1, 1851. Twelve months after date, I promise to pay to the order of John Dobbin, administrator of the estate of A. W. Berry, four hundred dollars, being the purchase money for one league and labor of land in the name of Juan Jose Tasseda, purchased at the sale of the property of A. W. Berry.                                J. DeCORDOVA.

Endorsed to plaintiff. The defendant objected on the ground that the note was assets of the estate of Berry, and as such could only be collected and administered by his administrator. Judgment for plaintiff.

*C. B. Sabin*, for plaintiff in error.

*W. Alexander*, for defendant in error, suggested delay.

WHEELER, J. It cannot be questioned that the assignment

of the note by the payee, passed to the plaintiff, as assignee, the legal title. (Gayle et al. v. Ennis et al. 1 Tex. R. 184.) And that the party in whom is the legal title may sue, though the equitable ownership be in another, has long been a settled question in this Court. (Thompson v. Cartwright, Id. 87.) It is wholly immaterial to the plaintiffs' right of action in this case, in whom may reside the equitable ownership of the note; and surely that is a question in which the plaintiffs in error can have no interest. The writ of error was manifestly prosecuted for delay only, and the judgment is affirmed with damages.

Affirmed with damages.