ALEXANDER S. WALKER AND OTHERS v. BELA COLLINS, ADMINISTRATOR.

In a suit by the payee, against the surviving joint and several makers of a promissory note, who executed the same as sureties of another deceased maker, whose legal representatives are not made parties; the defendants cannot insist on the joinder, as defendants, of the heirs of such deceased maker, in order to subject to foreclosure and sale, for their benefit, the land for which such note was given to the payee, (the said land having been sold at administrator's sale, and the mortgage being retained, by the administrator, to secure the payment of the purchase money;) and a demurrer was properly sustained to an answer by them, setting up such defence, and praying that the heirs aforesaid, who were alleged to be non-residents, should be made defendants, and cited accordingly.

The defendants could not have required the administrator of such deceased maker, to be joined as defendant, in the first instance; much less, can they delay the plaintiff, in his action, for the purpose of making the heirs parties.

APPEAL from Williamson.    Tried below before the Hon. E. H. Vontress.

Suit by appellant, as administrator of the estate of R. McNutt, deceased, against Alexander S. Walker, administrator of the estate of A. J. Strickland, deceased, and against said Walker, in his own right, Evan Williams, and William Patterson, on a joint and several promissory note, signed by said Strickland, Walker, Williams and Patterson; and on a mortgage on 640 acres of land, executed by Strickland, to secure the payment, to the plaintiff, of the note sued on, which was given in consideration of the purchase of the mortgaged premises, by Strickland, from the plaintiff.

Petition filed August 12th, 1857. Service accepted, by defendant, Walker, as administrator of estate of A. J. Strickland, deceased; also by himself, in his own right, and by the other defendants. September 11th, 1857, the defendants filed their answer; general denial. March 18th, 1858, Walker, in his own right, and the other defendants, filed an amended answer, alleging that, although they appeared as principals, in the note sued upon, they

were, in fact, sureties of A. J. Strickland, deceased; that the note was given by him, as the consideration and purchase money of a tract of land, bought by him at a sale made by Collins, as administrator of McNutt, deceased, and that they signed the same as his securities; that Strickland died on the 27th day of September, 1856, leaving a widow and two children, who were minors, and all residents of the State of Arkansas; that Strickland's estate was entirely solvent, and that there was no administrator on said estate, and had not been since the —— day of ——— 1857; that the land mortgaged, (described in the petition) if sold, would bring the full amount of the note, if the legal estate and title, which was vested in the widow and children of the said A. J. Strickland, deceased, could be con veyed to the purchaser; that they wished the said land to be sold, and applied to the payment of the note. They prayed, therefore, that the said wife and minor heirs, (naming them,) should be made parties defendant thereto, and be cited, by publication, to appear and show cause, if any they could, why the said land should not be sold, and the proceeds thereof applied to the extinguishment of this debt. That the note sued on was taken by the plaintiff, as administrator, at a sale made by him of the property of his decedent; that though the law required him to take notes, with two or more good *securities*, he nevertheless took this note, making these defendants appear as principals, when he well knew them to be only sureties.

March 18th, 1858, the plaintiff filed exceptions to the foregoing amendment, and moved that the same be stricken out, because the same was no plea in bar, nor in confession and avoidance of the action, and was not sufficient in law.

On the same day, the court rendered judgment, sustaining the exceptions, and striking out the amended answer; to which the defendants excepted.

The plaintiff, thereupon, discontinued the action, as to the estate of A. J. Strickland, to which the defendants objected, and reserved their exceptions. Verdict and judgment for the plaintiff.

*A. G. Walker*, for appellants.  It is contended in behalf of the appellants,

I. That the amended answer contains matter proper to be set up in a cross-bill.  (3 Dan. Ch. Pr. pp. 1742, 1743.)  It is therefore pleadable in re-convention.  (Egery v. Power, 5 Tex. Rep. 501; Walcott v. Hendrick, 6 Id. 406; Bradford v. Hamilton, 7 Id. 59; Cannon v. Hemphill, Id. 184.)  If properly pleaded in re-convention, the court erred in striking out the amendment.  (McCoy v. Jones, 9 Tex. Rep. 363.)

II. The plaintiff's action is against the administrator of A. J. Strickland, *as principal.*  It is alleged by the plaintiff, that the note is given in consideration of land; that a mortgage was executed by Strickland, the purchaser, to secure the payment of the note; that it has been presented to and allowed by the administrator of Strickland's estate, and approved by the chief justice.  These allegations amount to an admission of the suretyship of the appellants, Williams, Walker, and Patterson, for their co-defendant, the administrator of Strickland's estate, or for the estate itself; and it is contended, that the fact of suretyship, so stated by the plaintiff, is as binding on him, as if it appeared on the face of the note.  If so, the statute prohibits the dismissing of the suit against the estate of Strickland, and judgment against the sureties.  (Hart. Dig. Art. 704.)

III. The "Act concerning estates of deceased persons," makes it the duty of an administrator, on the confirmation of a sale of real estate, to take the note of the *purchaser*, and two or more good securities, and a mortgage on the property sold. This determines the character of all who join in a note, taken by an administrator for real estate sold by him.  The purchaser is principal, in all cases.  The others are sureties, as well when the face of the note shows them to be such, as when the fact, as to *who* is *the* purchaser, is ascertained by other testimony. They are such by virtue of the statute.  If they are sureties, they are entitled to all the privileges of such.  They have a right to require the holder of the note to follow out his action against the principal, at least so far as to obtain judgment against

him, at the same time as against themselves. The question would present but little difficulty, were all parties living. Does the death of the principal, in this case, affect the matter, so far as pertains to the action against the mortgaged property? The mortgage is executed to secure the payment of the note; the holder has his right to have the land sold *for cash*, and is untrammeled by any of the hindrances and delays, attending other claims against an estate; indeed, he has all the rights, against the specific property on which he has a lien, which he could have, were the purchaser and principal living. If so, there is no reason for dispensing with diligence against the representative of a principal, so far, at least, as to the remedy on the mortgaged property, in subjecting it to the payment of the debt.

WHEELER, CH. J.—Conceding that it sufficiently appears by the petition, that the other makers of the note sued on, against whom the judgment was recovered, were sureties of the first signer, (Strickland,) he having died, the plaintiff might have sued the others, as sureties, without joining his administrator. (Sayles's Pr. § 153; Scott v. Dewees, 2 Tex. Rep. 153.) *A fortiori*, might the sureties be sued, in such a case, where there was no administration upon the estate of the principal. And it is well settled, that where a defendant need not have been joined, and the liability of the other defendants is such, that an action can be maintained against them, without joining him, the plaintiff may dismiss as to him, and have judgment against the other defendants. (Austin v. Jordan, 5 Tex. Rep. 130.) The appellants could not require the administrator of Strickland to be joined, in the first instance. Much less can they delay the plaintiff in his action, he having resigned, for the purpose of making his heirs parties. The appellant, Walker, one of the sureties, it seems, was the administrator of Strickland, and as such, was joined in the action. If his real object was, (as alleged in his amended answer made in his personal capacity,) to have the mortgaged premises sold to satisfy the debt, he would have better attained that object, by retaining the admin-

istration.   He could not delay the plaintiff, by resigning, and asking the delay of publication, to make the heirs parties.   The court did not err in sustaining the demurrer to the plea, and there is no error in the judgment.

Judgment affirmed.