### F. M. Browne et al. v. Fidelity and Deposit Company of Maryland.

#### No. 1312. Decided May 16, 1904.

**1.—Guardian—Compromise of Debt.**

The power of a guardian as at common law (Rev. Stats., arts. 1867, 2558) to compromise or compound and release debts is restricted by Revised Statutes, article 1987, and can only be exercised by authority of an order of the county court entered upon its minutes. (Pp. 60, 61.)

**2.—Same—Payment Before Maturity.**

The guardian has authority to collect debts without order of the court, and his receipt of a part of a debt not yet due bound the ward as to the part so paid, though his release of the remainder of the indebtedness, by compromise in consideration of such payment, did not. (P. 61.)

**3.—Guardian—Assignment of Note.**

The authority of a guardian as at common law to sell and assign a promissory note belonging to the ward's estate (Gayle v. Ennis, 1 Texas, 184; De Cordova v. Atchison, 13 Texas, 372) was taken away by Revised Statutes, 1879, article 2113, which prohibited the sale of personal property without order of the court, and the guardian's successor could recover the amount of the note from the assignee who had converted it. (Pp. 61, 62.)

**4.—Guardian—Surety—Subrogation.**

The surety on a guardian's bond who had settled with his successor for his default, was entitled to be subrogated to the rights of such successor against those who had converted the property. (P. 62.)

**5.—Case Stated.**

A guardian, by order of court, sold two tracts of land, half her own property and half that of the ward's, partly for cash and partly for notes; she then collected the amount of the notes for deferred payments on one tract, in advance of maturity, discounting them 10 per cent, and sold and assigned the notes for the deferred payments on the other tract; she converted all these proceeds to her own use, was removed, and her surety settled with her successor for her defaults. Held, that the surety was entitled to subrogation to the rights of the guardian, which were to recover against the maker of the notes who had discounted them by advance payment one-half of the difference between what he paid and the principal of his notes with interest to the date of the judgment, and against the assignee of the notes one-half their amount with interest. (Pp. 59-62.)

Error to the Court of Civil Appeals for the Second District, in an appeal from Tarrant County.

Massie, appointed guardian of minors in place of Mrs. Campbell, removed, sued her and bondsman, the Fidelity and Deposit Company, and Browne, who had compromised a debt to the estate with her. The surety, having settled with Massie, by amended pleading sued to be subrogated to the rights of Massie against Browne and against Lee, to whom the guardian had sold notes of the estate, the proceeds of which she had appropriated. Browne and Lee each obtained writ of error from a judgment on their appeal affirming recoveries against them in the trial court.

*G. H. Goodson,* for plaintiff in error.—It having been agreed as a fact that the probate court of Tarrant County, at the same time and as a part of the same order removing Ida L. Campbell, made an order appointing Massie as guardian without any application on the part of anyone, and without any citation, notice, or service of any kind, and

that such affirmatively appeared from the records and judgments of said probate court, it followed that the probate court of Tarrant County was not acting within the scope of its power and jurisdiction and did not have before it jurisdiction of the matter of the appointment of a guardian, and that the appointment of Massie was without jurisdiction and void, and he had no authority to institute and prosecute as such. Rev. Stats., arts. 2568-2574, 2595; 26 Texas, 131; 82 Texas, 184; Kelsey v. Trisler, 7 Texas Ct. Rep., 190; Scott v. McNeal, 154 U. S., 34; Munday v. Vail, 34 N. J. Law, 418; Reynolds v. Stockton, 43 N. J. Eq., 211; 83 Va., 232; 21 Ohio St., 142; 43 Mo., 502; Black on Judg., sec. 242.

The defendant in error, in the trial court, having sued several different parties on different causes of action, and there being no privity between said defendants and no privity or relation or connection between the several causes of action sued on, it was error to overrule such said demurrer and on the trial, upon the proof, to hold against defend-. ant's plea. Stewart v. Gordon, 65 Texas, 344; Frey v. Ft. W. & R. G. Ry. Co., 86 Texas, 467; Hays v. Perkins, 22 Texas Civ. App., 199; McDaniel v. Chinski, 23 Texas Civ. App., 505; Skipwith v. Hurt, 94 Texas, 322; Coutlett v. Mortgage Co., 60 S. W. Rep., 820.

The trial court erred in rendering judgment against defendants for any amount, because even if in a proper suit by the guardian of said minors defendants might have been held liable to their estates for anything on account of the matters on which this judgment was rendered, defendants could not be liable to the plaintiff against him herein, to wit, Fidelity and Deposit Company, because said company was the surety on the bond of the guardian, Ida L. Campbell, and said money that the evidence showed had been paid over to Ida L. Campbell, guardian, by defendants was paid to her as such guardian, and the Fidelity and Deposit Company as between defendants and the said Ida L. Campbell as guardian, had bound itself as her said surety that she would faithfully discharge her duties as guardian, and safely account for this money to the estates of said minors, and her failure so to do was a breach of the conditions of her said bond, which was for the protection of anyone dealing with said estate, and if Mrs. Campbell, guardian, failed to account for any part of said money, the said surety company by the terms of its bond was liable and bound to pay the same, and neither by the facts of the case, nor by any pretended rights of subrogation under its alleged settlement with the probate court for such defalcation, could it have any cause of action therefor against this defendant. Rev. Stats., art. 2600.

The undisputed proof showing that Mrs. Campbell was at the time of the payment the legal guardian of the estates of said minors, and that Browne paid to her the entire amount of all said notes, less 10 per cent of said amount, and less the interest that would have accrued up to their respective maturity, and Mrs. Campbell having received the same as property belonging to the estate, the same should be considered as a credit to the amount due, though this defendant might still be liable to

the estates of said minors, for the interest to accrue up to the dates of said notes, and for the 10 per cent rebate.

*Humphreys & Harris,* for defendant in error.—The court having removed Ida L. Campbell from the guardianship, it judicially knew of the necessity for a successor, and having jurisdiction of the whole matter, needed no petition nor citation as a prerequisite to its exercising authority of appointing W. M. Massie. There was no more necessity of having a new petition and citation in such case than there would be to have a new petition and notices and preliminary hearing before appointing a successor to a receivership, where one is removed for a cause and the receivership is still pending in the court. Rev. Stats., art. 2559; Fitts v. Fitts, 21 Texas, 511; Neal v. Bartleson, 65 Texas, 486; Guilford v. Love, 49 Texas, 715; Kahn v. Israelson, 62 Texas, 226; Giddings v. Steele, 28 Texas, 750; Strickland, Admr., v. Sandmeyer, Admr., 21 Texas Civ. App., 353; Hodgdon v. So. Pac. Ry. Co., 75 Cal., 648.

The pleading of the Fidelity and Deposit Company in seeking to recover the assets of the estate, for whose loss it had answered to the estate, in making each party who had unlawfully received any part of the estate party defendant, is not multifarious, or in other words, presents no case of misjoinder of defendants nor of causes of action. Clegg v. Varnell, 18 Texas, 294; Hillebrant v. Ashworth, 18 Texas, 308; Craddock v. Goodwin, 54 Texas, 578; Love v. Keowne, 58 Texas, 191; Skipwith v. Hurt, 94 Texas, 322; Morris v. Davis, 31 S. W. Rep., 853; Mensing v. Cardwell, 8 Texas Ct. Rep., 41; Gaines v. Chew, 2 How. (U. S.), 619; Oliver v. Williams, 3 How., 333; Johnson v. Brown, 2 Humph. (Tenn.), 327; Bartel v. Thompkins, 4 Sneed (Tenn.), 622; Butler v. Spann, 27 Miss., 234; Bowers v. Keesecher, 9 Iowa, 422; Bronkerhoff v. Brown, 6 Johns. Ch., 139.

A fatal vice in the proposition of appellants under their fourth assignment is, that it assumes that plaintiff's suit grows out of a misappropriation of money in the hands of Ida L. Campbell, whereas it is based upon a wrongful disposition of and conversion of notes belonging to the estate, in which wrongful disposition appellants participated and received the notes with notice of their trust character, and with knowledge that Ida L. Campbell was acting without authority of law.

The undisputed evidence showed that Ida L. Campbell, before the maturity of any of certain notes due in one, two, three, etc., years, without any order of court or authority of any kind from the court, assumed to sell and discount and deliver, and did deliver, said notes to appellants, who bought them as a speculation and with full notice that they were dealing with trust property, and if they parted with their money in such transaction, they did so at their peril, and when now called to account for the trust property they received and to account for the unlawful acts in assisting Ida L. Campbell to commit a breach of the obligations of the bond, it does not avail them to say that the guardian ought to have kept the money and ought to have reported it to the court.

There is nothing in our statutes that says or intimates that the doctrine of subrogation in favor of sureties who may be compelled to pay money (which doctrine in its fullness is so often recognized, sanctioned and applied in our adjudications), shall not be invoked by a surety on a guardian's bond, but on the other hand the right of a surety on such bond is often recognized.

A guardian can not sell personal property of his ward so as to convey title to same, except on order of probate court authorizing same and its approval of the contract of sale entered into. Rev. Stats. of Texas, arts. 2651, 2672, 2673, 2675, 2677; Harrison v. Ilgner, 74 Texas, 86; Swenson v. Seale, 28 S. W. Rep., 146; Gillespie v. Crawford, 42 S. W. Rep., 624.

When the probate court authorized Ida L. Campbell, guardian, to sell the lot to Browne, and approved the sale and directed her to take notes due in one, two, three and four years, such orders and transactions, and our statutes under which it was done, fixed and settled the status of the property of the estate—that is, that part of it which the notes represented—for the time that might intervene between then and the maturity of the notes respectively; and when it became so fixed, it was not within the lawful power of the guardian to change it unless by order of the court duly made. Rev. Stats. of Texas, arts. 2659, 2662, 2675,. 2678, 2681. Also the authorities cited under last preceding proposition.

The notes being payable at the expiration of one, two, three and four years, respectively, the appellant Browne, maker of the notes, had no right to pay them nor to pay any part of them until they respectively became due; and if before their maturity he had offered their full face value, together with a sum equal to the interest for the whole time to maturity, he could not have compelled the payee of the notes to have accepted the same. Gillespie v. Crawford, 42 S. W. Rep., 624; 2 Daniel on Neg. Inst., 4 ed., secs. 1233, 1234; Thompson on Bills, 247; Forbes on Bills, 108; Ebersole v. Redding, 22 Ind., 232; Jefferson v. Fox, 1 Morris (Iowa), 48; Bainbridge v. City of Louisville, 83 Ky., 285; 45· Wis., 189.

The appellant Browne, having acted together with Ida L. Campbell in disposing of the notes belonging to the trust estate, it will not avail him, when sued to answer for the value of the trust property which he converted, to say: "It is true I took the trust property from the hands of the trustee, knowing that it was trust property and knowing that she · had no authority to dispose of it, yet as in that transaction I delivered to the trustee some other property—some, however, which she did not report to the court, but squandered and embezzled—yet, I want the value of said other property charged against the trust estate, and let my liability be limited to the remainder left after deducting the value of said other property from the value of that which I converted."

When a person, either alone or in connection with others, takes possession and claims the ownership of property belonging to a trust estate,.

knowing the same to be trust property, his action amounts to a conversion and his liability at once accrues; and he will not be heard to say that the trustee might have saved the trust estate from loss if she had made a proper use of what he placed in her hands in lieu of the trust property.

Where a third person deals with the trustee with reference to trust property, knowing him to be trustee and knowing it to be trust property, he is charged with notice of the authority and the limitations upon the authority of the trustee, and acts at his peril in receiving such property from the trustee, unless the trustee acts within the pale of his authority.

The appellee, upon settling the demand of the trust estate, became at once subrogated to all the rights which the estate had as against the appellants, and became entitled to same remedies to which the estate might have resorted. Skipwith v. Hurt, 94 Texas, 322; Sheldon on Subrogation, sec. 89, p. 104; Perry on Trusts, 3 ed., sec. 828; Stearns, Law of Suretyship, secs. 264, 265, 267; Pierce v. Holger, 65 Mich., 263.

BROWN, Associate Justice.—Ida L. Campbell was regularly appointed guardian of the estate of her minor children by the County Court of Tarrant County and qualified in the manner required by law, executing a bond with the Fidelity and Deposit Company of Maryland as her surety. The estate consisted of lands which belonged one-half to her in her own right and the other half to her wards. The County Court entered an order requiring the guardian to sell all of the lands belonging to the estate, which she did, and F. M. Browne bought one lot at the price of $5000, paying $1000 cash, and giving four promissory notes for $1000 each payable to Ida L. Campbell, or order, due respectively at one, two, three and four years from their date, July 24, 1900, and on the same day Mrs. Campbell, in her own right and as guardian of the minors, conveyed the tract of land to F. M. Browne reserving a vendor's lien to secure the payment of the four notes. About six months after that date and before either note became due F. M. Browne paid to Ida L. Campbell the amount of each of the four notes less 10 per cent discount, which she allowed him for advance payment.

On January 28, 1901, Mrs. Ida L. Campbell sold and conveyed to Mary Roberts a tract of land for $1225, of which $500 was paid in cash and three notes of $241 each payable to Ida L. Campbell, or order, due at one, two and three years from date, retaining a vendor's lien upon the land, which notes were sold and assigned by Ida L. Campbell to W. T. Lee.

Mrs. Campbell appropriated all of the money to her own use, and having become insolvent, the County Court of Tarrant County removed her from the guardianship of her minor children's estate and at the same time, without giving notice, appointed W. M. Massie guardian of the estate of the said minors and he qualified according to law.

Massie instituted this suit in the District Court of Tarrant County against Mrs. Ida L. Campbell and the fidelity and deposit company on the guardian's bond, joining F. M. Browne as a defendant, charging that Mrs. Campbell and Browne converted the said notes to the use of Mrs. Ida L. Campbell.

The fidelity and deposit company made a settlement with Massie as guardian of the said minors and paid to him the amount of money which would have been due upon the notes executed by Browne, which settlement was approved by the County Court of Tarrant County, and by the same order the court, in so far as it had the power, subrogated the fidelity and deposit company to the rights of Massie as guardian. The fidelity and deposit company then amended its pleading in the case, setting up all of the facts, and making Browne a party defendant to its plea claimed one-half of the four notes with interest thereon.

Brown pleaded (1) that Massie was not lawfully the guardian of the estate and had no right to sue as such, praying that the suit be abated; (2) by demurrer and special pleas a misjoinder of parties defendant and of causes of action shown on the face of plaintiff's petition; (3) he pleaded the facts of his case in answer to the claim of the plaintiff and of the fidelity and deposit company.

The trial court gave judgment against Browne for the amount of the notes with interest thereon foreclosing the lien upon the land, which judgment was by the Court of Civil Appeals affirmed.

These articles of the Revised Statutes are pertinent to the questions involved:

"Art. 1867. The rights, powers and duties of executors and administrators shall be governed by the principles of the common law, when the same do not conflict with any of the provisions of the statutes of this State."

"Art. 2558. The provisions, rules and regulations which govern estates of decedents shall apply to and govern such guardianships, whenever the same are applicable and not inconsistent with any of the provisions of this title."

At common law executors and administrators had authority without an order of court to compromise or compound debts due to the estate and to execute releases therefor which, if valid between individuals, would be binding upon the estate which the administrator or executor represented. Chase v. Bradley, 26 Me., 531; Wyman's Appeal, 13 N. H., 18; Woerner on Administration, sec. 326; Wilks v. Slaughter, 49 Ark., 236. If there were no provision of our statute in conflict with the common law rule, the settlement made by Mrs. Campbell with Browne would be held binding upon the wards' estate and Browne discharged from the debt.

The following article of the Revised Statutes prescribes the procedure by which executors and administrators may compromise debts due to the estates they represent:

"Art. 1987. Whenever an executor or administrator may deem it

for the interest of the estate he represents to purchase any property or to exchange any property, or take any claims or property for the use and benefit of the estate in payment of any debt due the estate, or to compound bad or doubtful debts due the estate, or to make compromises or settlements in relation to property or claims in dispute or litigation, it shall be his duty to present an application in writing to the county court, at a regular term thereof, representing the facts; and if the court upon the hearing of such application shall be satisfied that it will be for the interest of the estate to grant the same, an order to that effect shall be entered upon the minutes, setting forth fully the authority granted." Under this article it was the duty of Mrs. Campbell, when she concluded it was to the interest of her wards' estate to discount the notes, to present an application in writing to the county court, at a regular term thereof, stating the facts, whereupon the court, on investigation, would determine whether the compromise should be made; and if it found the facts to warrant such settlement, to "enter an order fully setting out the authority granted" to Mrs. Campbell. At common law Mrs. Campbell would have had the authority to make the compromise without resorting to the court for authority, but this statute denied to her that discretion by making it her duty to invoke the judgment of the court upon the facts, which is inconsistent with the liberty the common law gave her. Under that article the order of court was not intended for the protection of the executor and administrator in performing an act already authorized, but the authority must be granted by the court in specific terms with such limitations upon the power as it might deem proper. The provisions of this statute are clearly in conflict with the common law upon the subject, therefore the statute must control. Our statute does not belong to that class which the courts of other States have held to be consistent with the common law. We conclude that the guardian, Mrs. Campbell, had not authority to make a compromise with Browne to receive from him a part of the notes without the consent of the county court, and in so far as she released Browne from a part of his indebtedness her act was without authority and void.

Although she could not compromise the notes with Browne and discharge him from the balance of the debt, she had the right to collect the notes without an order of the court. It is true, she could not have forced Browne to pay, neither could he have compelled her to receive the money before the maturity of the notes, but when the parties agreed that the payment be made before the maturity it was not unlawful for her to receive the money, provided she exacted all that would accrue upon the notes, and having collected them in part, her act was valid to that extent and she held the money as guardian. Browne is entitled to a credit for the sum paid by him and was liable to the guardian, who succeeded Mrs. Campbell, for the remainder of the notes.

At common law as declared by our Supreme Court, executors, administrators or guardians have the power to assign promissory notes

payable to themselves without an order of the county court conferring such authority so that the assignees could maintain actions against the payees of the notes. Gayle v. Ennis, 1 Texas, 184; De Cordova v. Atchison, 13 Texas, 372.

All of the decisions of this court upon that subject were made before the Revised Statutes of 1879 went into effect, when there was no prohibition against the sale of personal property without an order of the court, although there were provisions directing the manner of selling all kinds of property belonging to an estate. At the time the Revised Statutes of 1879 went into effect the law empowered executors and administrators to sell personal effects belonging to the estate without an order of the court, but the revisers introduced into the Revised Statutes the following provisions: "Art. 2113. No sale of any property belonging to an estate shall be made by an executor or administrator without an order of the court authorizing the same." The terms "any property" embrace promissory notes as well as all other kinds of property, and an assignment of a note is a sale of it which passes the title to the assignee if lawfully made. The assignment of the notes to Lee was forbidden by positive statute too plain to admit of construction. The assignment to Lee being unauthorized the title to the notes did not pass and he was liable to Massie, the guardian of the wards, for one-half of the value of the notes. Gillespie v. Crawford, 42 S. W. Rep., 624. In the case cited, Chief Justice Finley of the Court of Civil Appeals of the Fifth District wrote a very clear and logical opinion, in which it was held that such an assignment was invalid and that the assignee was liable for the value of the note. Application was made to this court for writ of error, which was refused, and that decision stands approved.

The fidelity and deposit company, as surety for Mrs. Campbell, was liable to her wards for default of their guardian, and having settled with Massie, the successor of Mrs. Campbell is subrogated to all of the rights of the wards and is entitled to recover from Browne and Lee each the amount the wards could have recovered. Sheldon on Subrogation, sec. 89; Powell v. Jones, 1 Ired. Eq., 337; Fox v. Alexander, Id., sec. 340; Blake v. Bank, 145 Mass., 13; Cowgill v. Linville, 29 Mo. App., 138.

The fidelity and deposit company is entitled to recover against Lee one-half of the amount of the notes which were assigned to him with interest to this date, and it is entitled to recover against Brown one-half of the difference between what he paid Mrs. Campbell and the principal of the four notes with interest to this date. It is therefore ordered that the judgment of the District Court, as to W. T. Lee, be affirmed, and that the fidelity and deposit company recover from Lee one-half of all costs of the Court of Civil Appeals and of this court. It is further ordered that the judgments of the District Court and of the Court of Civil Appeals be reversed and this cause remanded as to F. M. Browne, and that Browne recover from the fidelity and deposit company one-half of the costs of this court and of the Court of Civil Appeals.

*Affirmed in part and in part reversed and remanded.*