WOODS et al. v. WARREN.

(Court of Civil Appeals of Texas. Galveston. Nov. 16, 1911.)

1. BILLS AND NOTES (§§ 518, 527*)—WANT OF CONSIDERATION—EVIDENCE.

In an action on a note, executed to the payee in consideration of the maker's debt to a bank, the testimony of the bank's cashier, that he did not know that the debt ever existed, and that if there was such a debt at the time of the execution of the note it was charged to profit and loss and no entry of the note was shown on such books, did not show that the bank had released the maker from the debt and did not show a failure of consideration.

[Ed. Note.—For other cases, see Bills and Notes, Dec. Dig. §§ 518, 527.*]

2. BILLS AND NOTES (§ 443*)—ACTIONS—SUIT BY LEGAL HOLDER.

The payee of a note, executed in consideration of the maker's debt to a third person, may sue thereon as a legal holder, though the third person is the equitable owner.

[Ed. Note.—For other cases, see Bills and Notes, Dec. Dig. § 443.*]

3. BILLS AND NOTES (§ 489*) — FAILURE OF CONSIDERATION—NECESSITY OF PLEADING.

That a bank had released a debtor from a debt for which a note of the debtor to a third person was given is not available to the maker when sued by the third person unless pleaded.

[Ed. Note.—For other cases, see Bills and Notes, Dec. Dig. § 489.*]

Appeal from Houston County Court; E. Winfree, Judge.

Action by R. L. Warren against Cato Woods and another. From a judgment for plaintiff, defendants appeal. Affirmed.

Moore & Sallas, for appellants. Adams & Young, for appellee.

PLEASANTS, C. J. This suit was brought by appellee against appellants, Cato Woods and William Fobbs, to recover the amount due upon a promissory note for the sum of $206.60, alleged to have been executed by the defendants in favor of plaintiff.

The defendants answered by plea of non est factum, and further pleaded as follows: "These defendants each say for themselves, further: That the only instrument they or either of them ever executed for the plaintiff was executed and made in the following way and manner, to wit: About the year 1906 the plaintiff was having ties made as he claimed for the First National Bank of Crockett, and was buying ties for them and in their name. That these defendants made and sold the plaintiff a large number of ties and at one time was largely indebted to the said bank in their dealings with plaintiff. That they delivered to the plaintiff ties sufficient to settle all demand due plaintiff, and made full, fair, and complete settlement of all matters by and between them, and the plaintiff informed these defendants that he was at that time out of the tie business at Crockett, but that he was contemplating going to Cracker Bend under a different contract and wanted all his old employés to go with him. That theretofore negroes had not been permitted to work there, but he was engaging a lot of good men to go with him and he would afford them ample protection, and each of these defendants agreed to go. Whereupon the plaintiff stated that all the others who had agreed to go with him had entered into contract and desired these defendants to do so. The plaintiff then produced what he termed a contract to go and work for plaintiff and requested that they each sign the same. Having confidence in the statements so made by the plaintiff, and without reading the same, or having it read to them, they each signed and caused their names to be signed thereto, but had not the slightest idea that they or either of them were signing or having their names affixed to any note or promise to pay any money or other thing of value. That unless such instrument is the note sued on herein, these defendants deny that they or either of them ever executed any promise to pay the plaintiff any sum of money whatever. They further say: That if such an instrument exists, it was obtained from them and each of them by fraud and misrepresentations, and is not therefore the act or deed of either of these defendants, and was and is without any consideration to support the same. That since the purported execution of such instrument neither of these defendants has ever at any time had any demand to pay the same or any part thereof. That such claim has never at any time been presented to these defendants for payment. Wherefore these defendants each respectfully pray for themselves that proof be heard hereon, and that upon hearing they and each of them be permitted to go hence without day and recover of and from the plaintiff all costs in this behalf expended, and for special and general relief."

The trial in the court below without a jury resulted in a judgment in favor of plaintiff. In compliance with defendants' request for his conclusions of fact and law, the trial judge filed the following:

### "Finding of Facts.

"(1) I find that on January 15, 1906, Cato Woods and Wm. Fobbs were indebted to R. L. Warren in a sum in excess for $400.

"(2) That in settlement of this indebtedness Woods and Fobbs executed the note sued on in this case for the sum of $206.60 on January 15, 1906, payable November 1, 1906, and bearing 10 per cent. interest thereon from date stipulating for 10 per cent. attorney fee if sued on or placed with an attorney for collection.

"(3) That said note was placed with Messrs. Adams & Young, attorneys, for collection, and the fee stipulated agreed to be paid by Warren, and that such fee is reasonable.

"(4) That Warren is the legal owner and holder of said note, and that the defendants executed said note to Warren for a full consideration.

### "Conclusion of Law.

"I think the plaintiff, under foregoing findings of fact, is entitled to a judgment against the defendants jointly and severally for the amount of the note, principal, interest, and attorney fees to date, and 10 per cent. per annum interest on such judgment from this date, and it is so ordered by the court."

The evidence fully sustains the finding of fact that the note sued on was executed by the defendants as alleged in the petition. The finding that the note was executed in consideration of an indebtedness due the plaintiff by the defendants is not supported by the evidence. On the contrary, plaintiff's own testimony shows that the debt for which the note was given was due by the defendants to the First National Bank of Crockett. Plaintiff claims that he was authorized by the president or cashier of said bank to adjust said indebtedness, which grew out of transactions between the defendants and the bank in which he was the agent of the bank, and acting under such authority he procured the execution of the note by the defendants. The cashier testified: That he had not authorized the plaintiff to make any settlement with the defendants for the bank and he never heard the president of the bank authorize the plaintiff to collect any amount due by the defendants to the bank. That

he did not know whether the defendants were indebted to the bank at the time the note was executed, and if they were the amount had been charged to profit and loss account on the books of the bank, and he knew nothing about the note in suit until he was called upon to testify in this case. The president of the bank was absent from the state at the time of the trial, and his testimony was not obtained. Upon these facts it is very earnestly insisted by appellants' counsel that the trial court erred in rendering judgment for the plaintiff.

Appellants' contention is, in substance, that because the undisputed evidence shows that, if the defendants owe the debt evidenced by the note sued on, it is due to the bank, and that the bank is making no claim against the defendants, the court was not authorized to render judgment against them in favor of plaintiff for the amount of said indebtedness.

There are two answers to this contention. In the first place, appellants did not plead that they had been released or discharged of their indebtedness by the bank, the beneficial owner of the note, and in the absence of such pleading evidence of that fact could not avail them.

[1] In addition to this, we do not think the evidence conclusively establishes such release or discharge by the bank. The testimony of the cashier only goes to the extent of showing that he did not know that the bank was now claiming such indebtedness, or that it ever existed, and if there was such an indebtedness at the time the note was executed it was charged to account of profit and loss on the books of the bank, and no entry of the note was shown on said books. This testimony does not compel the finding that the bank had released defendants from such indebtedness, nor does it show that the president of the bank had not authorized plaintiff to make such settlement or adjustment of the matters as he could with the defendants.

[2] As before said, the evidence is amply sufficient to sustain the finding that the defendants owed the debt to the bank and that they executed the note to plaintiff in consideration of such indebtedness. The note was payable to plaintiff, and he, being its legal holder and owner, could maintain suit thereon, though the equitable or beneficial ownership was in the bank. Thompson v. Cartwright, 1 Tex. 87, 46 Am. Dec. 95; De Cordova v. Atchison, 13 Tex. 372.

[3] If the bank had released defendants from the indebtedness for which the note was given, and because of such failure of consideration the plaintiff was deprived of his right to maintain the suit, such fact, to be available to defendants, must have been pleaded. Wimbish v. Holt, 26 Tex. 675.

We are of opinion that the judgment of the court below should be affirmed, and it has been so ordered.

Affirmed.