### BACON et al. v. WRIGHT et al.

### No. 11022.

Court of Civil Appeals of Texas. Dallas.

Sept. 10, 1932.

Rehearing Denied Oct. 8, 1932.

Wynne & Wynne, of Wills Point, for appellants.

James A. Cooley and Ross Huffmaster, both of Kaufman, for appellees.

JONES, C. J.

In a suit in the district court of Kaufman county, Mrs. Fereby E. Wright, as guardian of the estate of Jimmie D. and Morris McSween, recovered judgment against appellants, M. P. Bacon and D. Bradley, as sureties on a guardian's bond, executed by W. S. Wright, deceased, as principal, in the sum of $931.80, with interest from date of judgment. In a cross-action, appellants were denied judgment over against the First National Bank of Crandall impleaded by them as a defendant. Appellants have duly perfected their appeal from such judgment. Appellants also impleaded M. Spellman, administrator of the estate of the deceased guardian, Wright, but the court sustained a plea of misjoinder as to the cause of action alleged against him, and dismissed him as a party to this suit. No appeal is perfected from such order. The following are the facts:

Mrs. Fereby Wright and W. S. Wright were married in 1922; both had theretofore been married and each had children by their respective first marriages; the interested minors are the two children of Mrs. Wright by

her first husband, whose name was McSween; Wright had seven children by his first marriage. The two sets of children lived in the home of the Wrights, and were supported by them. The McSween children had an estate consisting, in part, of an undivided interest in a tract of land. W. S. Wright became the duly qualified and acting guardian of the two McSween children. As such guardian, he was duly authorized by the probate court of Kaufman county to sell the interest in the land owned by his wards, and duly executed to the purchaser a guardian's deed for such interest in said land. This interest in the tract of land was sold for a cash consideration of $1,000; the required statutory guardian's bond, in the sum of $2,000, with appellants as his sureties, was duly executed by Wright as guardian. The $1,000 was deposited in the First National Bank of Crandall and carried on the books of the bank as the account of W. S. Wright, guardian for Jimmie D. and Morris McSween, minors. On or about the 17th of June, 1929, W. S. Wright died, and Mrs. Fereby Wright was thereafter appointed guardian of the estate of the said minors and duly qualified as such guardian.

M. Spellman was appointed administrator of the estate of W. S. Wright, deceased, duly qualified as such, and was acting as such administrator at the time of the filing of this suit on January 9, 1930. Previous to the filing of this suit by Mrs. Wright as guardian of said minors, she made demand on M. Spellman as administrator of the estate of her deceased husband, W. S. Wright, for all the money that came into the possession of W. S. Wright as guardian of such minors, and specifically made demand for the $1,000, the proceeds of the sale of the land. Spellman denied that any money belonging to said minors was in the possession of W. S. Wright at the time of his death, and refused to pay to Mrs. Fereby Wright, as guardian, any sum whatever.

Mrs. Wright presented no claim to the administrator for payment of any indebtedness due her minor wards other than the demand above referred to, but did make demand on appellants as sureties on the bond. This demand was refused, and the suit was instituted on the $2,000 guardianship bond against the sureties only; the allegation being made that the estate of W. S. Wright was insolvent.

Appellants, by an amended answer filed December 2, 1930, alleged various defenses, not necessary for specific mention here, and also impleaded, by cross-action, the First National Bank of Crandall and M. Spellman as administrator of the estate of W. S. Wright. This cross-action specifically alleged the depositing of the $1,000 in the bank, the consideration received by W. S. Wright, as guardian, for the sale of the land of the minors; it also alleged that, in addition to this guardianship account in said bank, W. S. Wright carried what is termed a "wood account," a "store account," and a personal or individual account, each account being separate and distinct from the others; and further alleged that the guardianship account had been entirely dissipated by checks executed by Wright, as guardian, to pay claims on the other accounts, some of these checks given to the bank to satisfy overdrafts drawn on one of the other accounts. Appellants further alleged, in effect, that at the time these checks were executed by W. S. Wright, as guardian, in favor of the other accounts, the said bank knew that such unlawful application was to be made of the funds thus withdrawn from the guardian's account, and honored such checks with full knowledge that it was participating to that extent in misappropriating the money belonging to the said minors. Appellants also alleged that M. Spellman, as administrator of the estate of W. S. Wright, had in his possession at that time money, belonging to the estate and subject to the claim of creditors, in the sum of $2,500, and established this latter claim by undisputed evidence. They prayed for citation to issue on the cross-action and that such parties be made defendants in the suit.

The First National Bank filed a number of special exceptions to appellants' cross-action, among which the right to join it as a defendant in the case was challenged, and specifically denied all the allegations in the cross-action. Spellman's exceptions, plea of misjoinder, and answer is not in the record. The court sustained a plea of misjoinder by Spellman, and no appeal from this order is prosecuted. The court overruled all the exceptions presented by the bank.

The case was tried to a jury, and the court peremptorily instructed the jury to return a verdict in favor of Mrs. Fereby Wright, as guardian of said minors, against appellants in the said sum of $931.80. This action was duly excepted to by appellants and error duly assigned thereon. As to the cross-action against the First National Bank, the court submitted the issues made by the pleadings to the jury on special issues, the findings of the jury in respect to these special issues were in favor of appellants, and, in effect, established the wrongful participation of the bank in the dissipation of $740 of the money placed in the bank by Wright to the credit of himself as guardian of said minors. These findings are clear, and form a sufficient basis for a judgment in favor of appellants on their cross-action against the First National Bank for the sum of $740, unless, as the trial court held, the undisputed evidence showed that the claim of appellants against the bank was barred by the two-year statute of limitation.

On the bank's plea of limitation, the undisputed evidence showed that the various items, withdrawn by check from Wright's account as guardian in favor of his other accounts,

occurred more than two years previous to the filing of this suit. The undisputed evidence further shows that this suit was instituted less than a year after Mrs. Fereby Wright qualified as guardian, and that the amended cross-action was filed within the two-year period after the appointment of Mrs. Wright as guardian.

■ Under her allegations in the petition to the effect that W. S. Wright, the principal in the bond, was dead, and especially under the allegation that his estate was insolvent, and that she had made demand on Wright's administrator for the money belonging to her wards that should have been in the possession of Wright at the time of his decease, she could institute this suit against the sureties without making the legal representative of the estate of W. S. Wright a party, and all assignments of error on this issue are overruled. Article 1987, R. C. S. 1925; Willis & Brother v. H. Chowning, 90 Tex. 617, 40 S. W. 395, 59 Am. St. Rep. 842; Walker et al. v. Collins, Administrator, 22 Tex. 189; Muenster v. Tremont National Bank (Tex. Civ. App.) 46 S. W. 277; Planters' & Mechanics' National Bank v. Robertson (Tex. Civ. App.) 86 S. W. 643, 645.

■ M. Spellman, the administrator of the estate of W. S. Wright, deceased, is not made a party to this appeal, and hence the judgment of dismissal because of misjoinder of parties cannot be reviewed on this appeal, and such judgment became final in the district court. The effect of this judgment is no bar to appellants' right to prosecute their claim against him as representative of the estate of the deceased, Wright, in an independent suit.

■ The other question for determination is, Did the trial court err in construing the legal effect of the undisputed evidence, as given above, on the plea of limitation by the First National Bank of Crandall? When the bank, with full knowledge of all the facts, participated with W. S. Wright in the misapplication of the money representing the sale of the land of the minors, it rendered itself liable to the minors for any money lost by reason of such misapplication. Likewise, when appellants, as sureties on Wright's guardianship bond, are compelled to make good the default of Wright to the guardian of the minors, they are subrogated, as a matter of law, to the rights of the minors against the bank. U. S. Fidelity & Guaranty Co. v. Adoue & Lobit, 104 Tex. 379, 137 S. W. 648, 138 S. W. 383, 37 L. R. A. (N. S.) 409. Ann. Cas. 1914B, 667; Browne et al. v. Fidelity & Deposit Co. of Maryland, 98 Tex. 55, 80 S. W. 593. Manifestly, this claim did not mature in favor of appellants against the bank until Mrs. Fereby Wright, as guardian of the minors, instituted this suit against appellants to recover against them as sureties on the bond executed by W. S. Wright as the guardian. It is not claimed that the claim of the minors against the bank was ever barred by the statute of limitation. When this suit was instituted, it was a claim that could have been asserted by their guardian if she had chosen to do so. It being a valid and subsisting claim by the guardian against the bank, at the time when the right of subrogation first came into existence in favor of appellants, and they having asserted this right, by the institution of the cross-action against the bank, within two years after the maturity of such right, we are of the opinion that the undisputed evidence shows that such claim was not barred by limitation, and that the court erred in so holding.

It necessarily follows that the trial court did not err in giving peremptory instruction in favor of Mrs. Fereby Wright, as guardian, against appellants as sureties on the guardianship bond; that the trial court erred in not entering a judgment in favor of appellants on their cross-action against the First National Bank of Crandall for the sum of $740, on the findings of the jury, and that such part of this judgment should here be rendered in favor of appellants against said bank in such sum, with interest at the rate of 6 per cent. per annum from the date of the trial, and it is so ordered.

Affirmed in part; reversed and rendered in part.