**MARINE BANKING & TRUST CO. v. FED-**
**ERAL TRUST CO. et al.**

**No. 1432.**

Court of Civil Appeals of Texas. Waco.

Oct. 26, 1933.

King, Wood & Morrow and H. E. Cox, all of Houston, for appellant.

Gill, Jones & Tyler and Baker, Botts, Andrews & Wharton, and Burch Downman, all of Houston, for appellees.

GALLAGHER, Chief Justice.

This suit was instituted by the Marine Banking & Trust Company, a corporation, against Federal Trust Company, administrator of the estate of R. E. Brooks, deceased, R. E. Brooks, Jr., and Mrs. Fannie Booty Brooks, to recover on a promissory note in the principal sum of $25,000, with interest and attorney's fees as therein stipulated. Said note was dated May 8, 1931, was due on demand, and was signed, "Fannie Booty Brooks, Independent Executrix of the Will of R. E. Brooks, Deceased, R. E. Brooks, Jr." Said note was one of several successive renewals of a note for the same amount dated February 6, 1929, due ninety days after date and signed, "R. E. Brooks, R. E. Brooks, Jr." Several renewal notes of like tenor as the original, except as to date of execution and maturity, were executed and delivered prior to the death of R. E. Brooks. The will of R. E. Brooks was duly probated on February 4, 1930, and his surviving wife, Mrs. Fannie Booty Brooks, named as independent executrix therein, duly qualified as such. Thereafter several such renewals were executed and delivered by said executrix and R. E. Brooks, Jr., to appellant, the last of which is the note sued on herein. Mrs. Fannie Booty Brooks thereafter resigned as such executrix, and appellee Federal Trust Company was duly appointed administrator of the estate of said decedent, qualified as such, and proceeded to administer said estate under the control of the probate court. The note sued on

herein was duly verified as a claim against the estate of the deceased, presented to said administrator for allowance, and rejected. This suit was then instituted by appellant to recover thereon, as hereinbefore recited.

The case was tried to the court and judgment rendered that appellant take nothing by its suit against Mrs. Fannie Booty Brooks; that it recover of Federal Trust Company, administrator of the estate of R. E. Brooks, deceased, and R. E. Brooks, Jr., jointly and severally, the sum of $30,476.11; and that a certified copy of such judgment be transmitted to the county court for classification and payment in due course of administration upon said estate. The court found in that connection that R. E. Brooks, Jr., was but a surety on said note, and ordered that no execution issue against him for the enforcement of such judgment until appellant had received from the estate of R. E. Brooks, deceased, all sums apportioned to the payment of the same in the distribution of said estate, and that execution then issue for the balance only remaining unpaid after crediting all such sums.

## Opinion.

Appellant presents assignments of error in which it complains of the action of the court in postponing the issuance of execution on its said judgment against R. E. Brooks, Jr., until the estate of R. E. Brooks, deceased, has been fully administered and all sums apportioned to appellant for the satisfaction of its demand against the same actually received and credited thereon. The judgment recovered by appellant in the district court constituted an unsecured claim against said estate and a personal demand against said surety. No property of the principal having been charged by him with the payment of said debt by pledge, mortgage, or other lien, equitable principles involved in such cases have no application. The rights of the respective parties must be determined by proper application of the rules of law. According to such rules, absent a controlling statute, a surety is primarily liable and he cannot require the creditor to first exhaust his remedies against the principal, or his estate in case of death; the proper remedy of such surety being to pay the debt and pursue the principal for reimbursement. 50 C. J. p. 231, § 375, and notes. Such rules have, however, been modified by statute in this state so as to provide that no surety shall be sued unless his principal is joined in the suit, except in certain particular instances. R. S. art. 6251. The only such instance pertinent to the issue involved in this case is when a principal is dead. R. S. art. 1987. When such is the case, the creditor or payee may hold the surety primarily liable for the payment of his debt, and is not required to present his claim to the administrator of the deceased principal for allowance. Willis & Bro. v. Chowning, 90 Tex. 617, 621, 40 S. W. 395, 59 Am. St. Rep. 842. Another statute provides, in substance, that when a principal and surety are jointly sued and a judgment recovered against them, the court shall incorporate therein an order directing that any execution issued thereon shall be levied first on the property, if any, of the principal situated in the county in which such judgment was rendered, and only in the absence of property of the principal sufficient to satisfy the same, upon property of the surety so situated. R. S. art. 6247. Consideration of said statute discloses that the judgment creditor seeking property of the principal upon which to levy his execution, is not required to go beyond the limits of the county in which such judgment was rendered before making a levy on the property of the surety, and that its application would not necessarily result in delay in the enforcement of such judgment, since the property levied upon, whether belonging to the principal or surety, or both, could be advertised for sale and sold at the same time. Such statute clearly contemplates as a basis for its application a joint judgment, enforceable by execution against both principal and surety. While in this case there is a joint and several judgment against the administrator of the principal and the surety personally, such judgment is not, as against the administrator, enforceable by execution, but only in due course of administration. The court could not therefore direct that execution issue for the enforcement of such judgment against both the defendants therein, and that the same be levied first upon property of the principal, if sufficient be found to satisfy the same, and if not, then upon the property of the surety. Said statute is therefore incapable of application in this case. We have no other statute pertinent to the particular issue under consideration. The court erred in incorporating in the judgment rendered in this case a provision that the issuance of execution thereon against the surety, R. E. Brooks, Jr., shall be postponed until the estate of R. E. Brooks, deceased, has been fully administered and all sums to be realized therefrom are received and credited on such judgment. Planters' & Mechanics' National Bank v. Robertson (Tex. Civ. App.) 86 S. W. 643, 645 (second column).

The judgment of the trial court is here reformed by eliminating therefrom the provision postponing the issuance of execution against said surety, and as so reformed, such judgment is here affirmed.