## HOLLAND v. FLOREY.

### No. 5829.

Court of Civil Appeals of Texas. Texarkana.

May 15, 1941.

M. H. Barton, of Overton, for appellant.

H. E. Florey, of Overton, for appellee.

JOHNSON, Chief Justice.

This suit was filed by W. E. Florey against W. W. Holland, alleging in substance that W. E. Florey, W. W. Holland, and E. B. S. Florey on December 16, 1936, entered into a written contract with the W. T. Raleigh Company, jointly and severally binding themselves to pay for all goods and merchandise sold by said company to one J. T. Owens, "regardless of buyer's ability, neglect, or refusal to pay." That pursuant to said contract said Company sold to Owens merchandise to the amount of $924.86 for which Owens failed and refused to pay; that Owens was dead and that his estate was actually and notoriously insolvent; that plaintiff W. E. Florey had on April 11, 1938, been compelled to pay said Company the sum of $800 in settlement of said indebtedness; whereby said Holland and E. B. S. Florey became liable and bound to pay plaintiff $266.66 each, in contribution of their proportionate part of said indebtedness; that E. B. S. Florey had paid to plaintiff the sum of $266.66, but defendant Holland had failed to pay plaintiff his proportionate part of said indebtedness or any amount. Plaintiff prayed for judgment against defendant Holland for $266.66 together with interest. Defendant answered by general demurrer, special exceptions, general denial and specially pleaded the statute of two years' limitation (R. C.S.1925, Article 5526). Trial of the cause to the court without a jury resulted in a judgment for plaintiff for the amount sued for. Defendant has appealed.

Appellant in substance contends that his liability under the above mentioned contract was that of a surety, and that by virtue of the provisions of R.S.1925, Articles 6251 and 1987 (since Owens, the alleged principal obligor in the contract was not made a party in the suit), no recovery could be had against appellant unless appellee proved that Owens was "dead, or actually or notoriously insolvent," and that the testimony showing that Owens was insolvent was hearsay and incompetent to establish that fact; and that plaintiff's testimony "that Mr. Owens is dead and that he died in (March 1940) Rusk County, the County of his residence," is insufficient to prove the death of Owens, "because plaintiff did not see the death certificate." Assuming without affirming that appellant's liability under the contract was not primary, but was that of a surety, and that the

provisions of the above mentioned statutes apply, it appears from the record that the testimony (after discarding that complained of as hearsay) was sufficient to show both the death and insolvency of Owens. It was not necessary that plaintiff must have seen the death certificate in order to testify that Owens was dead. His testimony as to Owens' death was positive and undisputed. That fact alone was sufficient to meet the requirements of the statute, Article 1987, authorizing the suit to be maintained against appellant. Willis v. Chowning, 90 Tex. 617, 40 S.W. 395, 59 Am.St.Rep. 842; Walker v. Collins, Administrator, 22 Tex. 189; Bacon v. Wright, Tex.Civ.App., 52 S.W.2d 1111; Muenster v. Tremont National Bank, Tex.Civ.App., 46 S.W. 277; Planters' & Mechanics' Nat. Bank v. Robertson, Tex.Civ.App., 86 S.W. 643; Marine Banking & Trust Co. v. Federal Trust Co., Tex.Civ.App., 64 S.W.2d 409.

The judgment of the trial court will be affirmed.