Statement of the case.

---

MARY F. SCANTLIN v. W. T. KEMP AND ANOTHER.

If the principal maker of a note dies, his sureties, who executed the note
  as joint makers, thereby become primarily liable; and the holder can
  sue them without presenting the note to the administrator of the prin-
  cipal, for allowance. (Scott v. Dewees, 2 Texas, 153, cited by the
  court.)

APPEAL from Bosque.    Tried below before the Hon. A. J.
Evans.

The note sued on was for two hundred dollars, and was signed
by W. H. Slane, W. T. Kemp and Samuel S. Locker.    It was
payable to the appellant, who sued Kemp and Locker on it to the
Fall term, 1867, of the district court.

In their answers they set out fully the facts on which they
based their defense, to-wit : that Slane was the principal and these
defendants only his sureties in the note; that the consideration
for the note enured to the benefit of Slane alone; that Slane was
deceased, but had left a solvent estate, on which administration
had been had; that after his death these defendants notified the
plaintiff to take the proper steps to collect the note from Slane's
administrator, but the plaintiff had failed to do so, etc., etc.

The evidence substantially sustained the defendants' averments,
and under instructions from the court, the jury found their verdict
for the defendants, and the plaintiff moved for a new trial, which
was refused and she appealed.

*Bowers & Walker* and *McCall*, for the appellant.

*Coke, Herring & Anderson*, for the appellees, insisted that
the appellant had lost all recourse upon the sureties, and cited in
support of their position, Paschal's Digest, article 1311; Page v.
Findley, 5 Texas, 393; Danzey v. Swinney, 7 Texas, 632;

---

---

Bridges v. Phillips, 17 Texas, 130; 16 Mass., 40; 9 Wheaton, 680; 1 Parsons on Contracts, 504, and other authorities.

WALKER, J.—It is admitted that the note sued on was executed by Kemp and Locker as securities of Slane. Slane died before the commencement of suit; Locker is also dead, and his estate is properly represented in the action. After the death of Slane, the note was presented for allowance, to his administrator, who neglected, under pretence of consulting his attorney, either to reject or allow the claim, and no suit was brought within the ninety days allowed by law. .

It is claimed, under articles 1311 and 1312, Paschal's Digest, that the neglect of the administrator to indorse his rejection or refusal on the claim was equivalent to a rejection, and that the failure to sue discharged the securities. But we must take another view of the case; it is that presented in Scott v. Dewees, 2 Texas, 153.

On the death of Slane, Kemp and Locker became primarily liable on the Scantlin note. Slane being dead, he was no longer within the jurisdiction of the court, and the holder of the note could then sue the securities; so that it was totally unnecessary to present the note at all to the administrator of Slane, for allowance.

The judgment of the district court will be reversed, and a judgment entered for the amount of the note, with eight per cent. per annum interest. ·

Reversed and rendered.