P. J. WILLIS & BROTHER v. H. CHOWNING.

Decided April 22, 1897.

**1. Surety—Death of Principal—Failure to Pursue Estate.**

When the principal debtor, in an obligation to which there are sureties, dies, the payee may look to the sureties as primarily liable to perform the contract, and need not present the claim to the administrator of the deceased principal, for allowance and payment. (P. 621.)

**2. Same—Claim Barred as to Principal.**

In such case the surety's right of action against his principal is not based upon subrogation to the claim of the payee in the contact, but on the implied obligation of his principal to reimburse him when he pays the debt, and exists though the debt to the payee, when discharged by the surety, is barred as to the principal or his estate. (P. 622.)

**3 Same—Rejection of Claim—Failure to Sue.**

Where the payee presented his claim to the administrator of the deceased principal, but upon its rejection neglected to bring suit thereon within ninety days, so that his claim against the estate was lost by such delay, the surety was not thereby discharged. (Pp. 621 to 623.)

**4. Same—Appeal—Duty to Prosecute.**

No law requiring an appellee or defendant in error to prosecute the appeal or writ of error to effect, an agreement by the payee for dismissal of a writ of error taken out by the administrator of a deceased principal, and discharge of the sureties on the writ of error bond thereby, will not discharge the liability of a surety of deceased on the original obligation or debt. (P. 623.)

**5. Degree ot Proof—To Satisfaction of Jury.**

A charge in a civil case which imposes on a party the burden of establishing his cause of action or defense to the "satisfaction" of the jury requires too high a degree of proof and is erroneous. (P. 624, 625.)

**6. Attorney—Authority to Discharge.**

A surety on a delivery bond had a right to return the property in discharge of his obligation on the bond without the consent of the attorney for the plaintiff in execution, and to be discharged thereby from liability, except for damages assessed, if any. An agreement to discharge the surety from such damages, on condition of return of the property, falls within the line of the attorney's authority in prosecuting the suit, about which he might make necessary

arrangements, in order to secure the interests of his client, without special author-- ity, such liability being, not a part of the original debt, but a mere incident arising out of the proceeding conducted by the attorney. (P. 625.)

**7. Delivery Bond—Return of Property by Surety—Consent of Principal.**

If the consent of his principal to return of property by the surety in a delivery bond in satisfaction thereof is necessary, the want of such consent cannot be urged as an objection to the sureties discharge if the property was actually delivered, or was delivered upon the range in the same manner in which it was levied upon, and subsequently was levied on and sold by the plaintiff in execution. (P. 625.)

ERROR to Court of Civil Appeals, Second District, in an appeal from Wilbarger County.

Chowning brought suit against Willis & Bro. to recover land sold under execution. Defendant had judgment below, which, on plaintiff's appeal, was reversed and rendered for appellant. Appellee procured writ of error from Supreme Court.

*Frank P. McGhee,* for plaintiff in error.—The Court of Civil Appeals erred in holding, as matter of law, that failure to establish by suit the judgment as a claim against the estate of W. R. Morrison released H. Chowning from the judgment. Appellee was not required to pursue the estate of Morrison after his death in order to still hold the judgment valid as against Chowning and Sumner, sureties on the claimants' bond on which judgment had been rendered prior to Morrison's death. Daniel v. Hartnet, 31 S. W. Rep., 421; Brandt on Suretyship (new ed.), sec. 448; Rev. Stats., arts. 1204, 1257, 3818, 3815.

An agent or attorney has no general or implied authority to release his principals' judgment debtors for anything short of full payment in legal money. And if the release be for anything short of such payment the one claiming such release must show either authority from the principal in the first instance, or ratification after by the principal. Meyer Drug Co. v. Tucker, S. W. Rep., 786.

*F. C. Beckett,* for defendant in error.—Every agency carries with it or includes in it as an incident all the powers which are necessary or proper or usual as means to effectuate the purposes for which it was created; its incidental powers may be held in a given case to exist by inference or intendment of law, and its existence in another case may be a mere inference of fact arising from the circumstances of the case, and in such a case the question is one for the jury to determine. Authorities in Regard to Agency.—Miller v. McDonnell, 1 Posey, U. C., 258; 88 Texas, 107; Collins v. Cooper, 65 Texas, 460; Chambers v. Hodges, 23 Texas, 109; 1 W. & W. Civ. Cases, sec. 1124; 2 Willson's Civ. Cases, 583; Spencer v. Vigneaux, 20 Cal., 442; Shisley v. Keavy, 75 Pa. St., 79; London Saving Soc., 36 Pa. St., 498; McClung v. Spotwood, 19 Ala., 165; 4 Ired. Eq., 485; 93 N. C., 129; Brickford v. Menier, 36 Hun., (N. Y.) 446; Story on Agency, secs. 85, 110, 239, 249, 250, 253, 260; Parsons on Cont., (3rd ed.) 45 and note w, 46, 47; 2 Greenl. Ev., 141; Freeman on Judgments, 486.

In Regard to Authority of Attorneys.—Roller v. Wooldridge, 46 Tex-

as, 495; Williams v. Nolan, 58 Texas, 713; Merritt v. Clow, 2 Texas, 588; Watson v. Hopkins, 27 Texas, 642; Dunman v. Hartwell, 9 Texas, 496; 7 Cranch, 436; 6 Wend., 453; 31 Barb., 578; 3 Zebe, 125; 6 How., 186; Paxton v. Cobb, 2 La., 140; Cartwright v. Roff, 1 Texas, 81; Burton v. Lawrence, 4 Texas, 373; Prewitt v. Perry, 6 Texas, 262; Burton v. Varnell, 1 Texas, 635; Cannon v. Hemphill, 7 Texas, 187; Dunman v. Hartwell, 9 Texas, 495; Cayce v. Powell, 20 Texas, 767; Baxter v. Dear, 24 Texas, 17; Freeman on Judgments, sec. 128; 31 S. W. Rep., 1091.

If Chowning turned over the property, and the same was accepted by defendants at the time of the judgment, the legal effect of such turning over and delivery of said property and its acceptance would be to release Chowning. Because all of these issues were before the jury in evidence, were material, and the jury should have been instructed as to the law applicable thereto. Ryburn v. Getzendaner, 1 Posey's U. C., 349; Willis v. Kirbie, 1 Posey's U. C., 304; Franklin v. Harvin, 1 Posey's U. C., 229; 2 Posey's U. C., 412; Traylor v. Townsend, 61 Texas, 144; Jacobs v. Crum, 62 Texas, 401; Frisby v. Withers, 61 Texas, 134; 57 Texas, 432; Dawson v. Sparks, 1 Posey's U. C., 735; Railway v. Christman, 65 Texas, 375; 17 Texas, 48; 19 Texas, 232; 18 Texas, 405; 14 Texas, 655.

BROWN, ASSOCIATE JUSTICE.—Chowning sued Willis and Bro. in the District Court of Wilbarger County to set aside a sale of certain real estate made by virtue of an execution issued upon a judgment in favor of Willis and Bro. and against the plaintiff, W. R. Morrison, and one Sumner. Upon the trial in the District Court judgment was entered for the defendants, Willis and Bro., which was reversed by the Court of Civil Appeals and a judgment entered for the plaintiff, Chowning, to review which this writ of error was granted.

The facts, as found by the Court of Civil Appeals and as shown by the record, are in substance, that P. J. Willis and Bro. recovered a judgment in the District Court of Galveston County against C. M. Byars, the amount and date of which do not appear in the record, but it does appear that there still remains unpaid upon it about $6000. Upon that judgment execution was issued and, by the sheriff of Wilbarger County, levied upon two hundred head of cattle as the property of the defendant, C. M. Byars; the levy was "a range levy." Morrison made the affidavit of claim to the cattle and gave bond for the trial of right of property as required by law, with one Sumner and H. Chowning as his sureties upon the bond.

On the 12th day of September, 1884, in the District Court of Wilbarger County, P. J. Willis and Bro., in the case for trial of right of property on the claim and bond above stated, recovered a judgment against W. R. Morrison as principal and Sumner and Chowning as sureties for the sum of $4189, from which judgment Morrison appealed, giving a supersedeas bond, but Chowning neither joined in the appeal nor signed the bond. The record fails to show what became of the appeal, but it was not prosecuted.

W. R. Morrison died in January, 1885; Tolbert was appointed adminis-trator of his estate and, on the 16th day of May, 1885, filed a petition for writ of error in the case of Willis and Bro. against Morrison, Sumner and Chowning. Citation was issued and regularly served upon the defend-ants in error. The attorneys of both parties, in writing endorsed upon the petition, agreed that the writ of error should be dismissed, which agreement was dated November 28, 1885. The Court of Civil Appeals finds that a supersedeas bond was executed by the administrator, but the plaintiffs in error challenged that finding as being without any evidence to support it. We find no evidence that a bond was given by the admin-istrator and it is not so alleged in the petition. Besides, as is well known, an administrator was not required to give bond and we conclude that the statement was inadvertently made by the court.

About November, 1885, the judgment in favor of Willis and Bro. against Morrison, Sumner and Crowning was duly authenticated and pre-sented to the administrator of Morrison for allowance, but was by the administrator rejected. After the expiration of ninety days from the time it was rejected by the administrator, suit was filed by Willis and Bro. upon the judgment against the administrator of Morrison's estate, who pleaded the failure to sue within ninety days from the date of the re-jection of the claim and upon that ground the suit was defeated. The plaintiffs in error object that there is no allegation in the petition under which the evidence as to the failure to sue within ninety days after the rejection was admissible. We find the following allegations in the peti-tion: "That notwithstanding the solvency of said estate the said P. J. Willis and Bro., intending as aforesaid to vex, harass and defraud this plaintiff, utterly failed and refused to present their said judgment to said administrator for approval and allowance and payment as the law directs in such cases until after the expiration of ninety days prescribed by law therefor, and by reason thereof their said judgment was rejected by said administrator and finally defeated in suit in the District Court of Wil-barger County on appeal to the Supreme Court of Texas."

Execution was issued upon the judgment in favor of Willis and Bro. against Morrison, Sumner and Chowning on the 13th day of May, 1885, and on August 12, 1885, was returned endorsed "no levy by order of plaintiffs' counsel." Morrison was dead at the time the execution was issued.

January 7, 1895, Willis and Bro. procured the issuance of an execu-tion upon the judgment in their favor against Morrison, Sumner and Chowning, which execution was levied upon the land of Chowning now in controversy and under that levy the land was sold and purchased by Willis and Bro., they receiving a deed therefor.

Chowning alleges that he had returned the property for which the bond was given to try the right of property, the allegation being in the following words: "That after the rendition of said judgment against the said W. R. Morrison as aforesaid in his lifetime, to-wit, on or about the 12th day of September, 1884, this plaintiff turned over to George Diehl,

the agent and adjuster, and Henry Finch, the attorney, for the said P. J. Willis and Bro., through the sheriff of Wilbarger County, with the subsequent ratification of said P. J. Willis and Bro., all of said personal property so levied upon as aforesaid, in consideration of which and the further payment to plaintiff by said P. J. Willis and Bro. of the sum of $50, the said P. J. Willis and Bro. through the said Diehl and Finch did then and there release this plaintiff from any and all other and further liability on or under said judgment."

The Court of Civil Appeals made no finding upon the issue presented by these allegations, and upon examination of the record we find the evidence upon it to be conflicting.

The Court of Civil Appeals held that Chowning was discharged from liability on the judgment rendered in favor of P. J. Willis and Bro. against W. R. Morrison as principal and Sumner and Chowning as sureties, and that the sale of the land was void, reversed the judgment of the District Court, and rendered judgment in favor of Chowning upon the following grounds:

First.     That the failure of P. J. Willis and Bro. to bring suit against the administrator of W. R. Morrison upon their claim presented to and rejected by the administrator, within ninety days from the date of such rejection, operated to discharge the sureties Sumner and Chowning from further liability upon said judgment.

Second.     That the action of P. J. Willis and Bro., in agreeing to dismiss the writ of error sued out by Morrison's administrator, and in failing to prosecute to effect the appeal taken by Morrison in his life time, and the writ of error sued out by his administrator, had the effect to discharge the sureties on the appeal bond and on the writ of error bond, and therefore operated to discharge Chowning from liability on the judgment under which sale was made.

When the principal debtor in an obligation, to which there are sureties, dies, the payee may look to the sureties as primarily liable to perform the contract and need not present the claim to the administrator of the deceased principal for allowance and payment. Scantlin v. Kemp, 34 Texas, 388; Ray v. Brenner, 12 Kan., 105; People v. White, 11 Ill., 341; McBroom v. Governor, 6 Porter (Ala.), 32; Minter v. Bank, 23 Ala., 762; Ashby v. Johnson, 23 Ark., 163; Bredenburgh v. Snyder, 6 Iowa, 39; Johnson v. Bank, 4 S. & M., 165; Boardman v. Paige, 11 N. H., 437.

But it is claimed that the failure to institute suit within ninety days after the rejection of the claim by the administrator of Morrison barred the action of Willis and Bro. against the estate, and since Willis and Bro. could not recover against the estate of Morrison the sureties of Morrison were also discharged from further liability upon the judgment.

Although the debt may be barred by limitation as against the principal, yet judgment may be entered against the surety if he be liable thereon—in cases where suit may be maintained against the surety without joining the principal—and if the surety pay the debt which is at the time barred by limitation as against the principal, but is a valid obligation

against the surety, such surety may recover against the principal, or against his estate in case of his death. The right of action in favor of the surety arises when he pays the debt, and is not based upon the original debt itself, but upon the implied contract which exists by law between the principal and surety in such cases. Faires v. Cockerell, 88 Texas, 428; Reeves v. Pullian, 7 Baxter (Tenn.), 119; Maxey v. Carter, 10 Yerg., 521; Marshall v. Hudson, 9 Yerg., 57; Peaslee v. Reed, 10 N. H., 489; Crosby v. Wyatt, 23 Me., 156; Wood v. Leland, 1 Met., 387.

In support of a contrary proposition the defendant in error cites the following authorities: State v. Blake, 2 Ohio St., 147; Dorsey v. Wyman, 6 Gill., 59; and Auchampaugh v. Schmidt, 70 Iowa, 642. The authorities cited fairly support the contention of the defendant in error upon this question, but the overwhelming weight of authority, as well as sound reasoning, are against his contention. The proposition that the surety is discharged when the right of action is barred as against the principal rests upon the doctrine that the surety's action is based upon the right of subrogation to the claim of the payee in the contract, against which doctrine this court has held, in the case of Faires v. Cockerell, after a careful review of the authorities on the question.

Defendant in error urges upon this court that, although it be held that the plaintiffs in error were not bound to present the claim to Morrison's administrator, yet, having done so and having failed to establish the claim as required by law, the sureties are by such failure discharged. If the failure of Willis and Bro. to sue upon their claim within 90 days or the fact that having sued subsequently, they were defeated upon that claim for the reason that their right is barred by the lapse of 90 days' time, had the effect to discharge the estate of Morrison from liability to the sureties, then it would follow that the sureties would be discharged from a claim against them by Willis and Bro. But a discharge of the administrator of Morrison's estate upon that ground will not have the effect to discharge the estate from liability to Chowning, in case he was compelled to pay the debt, therefore Chowning has suffered no injury by the failure of Willis and Bro. to institute suit upon their claim within the time prescribed by law, nor by their failure to recover judgment against Morrison's estate when suit was instituted, and Chowning was not discharged by the bar of ninety days limitation in favor of the estate. Marshall v. Hudson, 9 Yerg., 57. In the case last cited a suit was instituted against the administrator of the principal debtor and against which the administrator pleaded the statutes of limitation and was discharged. Suit was afterwards instituted against the surety, who pleaded that the debt was barred as to the estate of the principal, and also the judgment in favor of the estate, claiming that it discharged him, but the court gave judgment against him. The surety paid the judgment and brought suit against the estate of the deceased principal to recover the amount. It was claimed as in this case that, the debt being barred against the principal, the surety could not recover because he had discharged no obligation which rested upon the estate of the principal, but

the court held that the surety was entitled to recover upon the implied obligation which arose under the law out of the relation of principal and surety.

In the case of Pearson v. Gayle, 11 Ala., 280, the principal debtor having died, the creditor presented his claim for allowance to the administrator, but failed to comply with the law so as to establish his right, and it was claimed on behalf of the surety, when sued for the debt, that, the creditor having presented his claim and having failed to establish it, the estate was discharged, which operated to discharge the surety likewise; but the court in that case held that the voluntary act of the creditor in presenting his claim to the administrator for allowance and the failure to pursue the same as required by law could not be given the effect to discharge the surety upon the contract, because it did not interfere in any manner with his right under the implied contract between the principal and the surety; we think that the decision is sound upon principle and applicable to the facts of this case. Chowning was not discharged from liability upon the judgment upon this ground.

The Court of Civil Appeals evidently fell into error in stating that the sureties upon the writ of error bond given by the administrator of Morrison were discharged by the agreement to dismiss the petition for writ of error, because there was no such bond given and no such bond was required by law to be given by an administrator. But the court also bases its decision upon the ground that it was the duty of P. J. Willis and Bro. to prosecute the appeal taken by Morrison, as well as the writ of error sued out by his administrator, to effect, and that, having failed to do so, the sureties upon the original bond for trial of right of property were discharged. We know of no law that makes it the duty of the appellee or the defendant in error to prosecute the appeal or the writ of error to effect. That duty devolves upon the party who takes the appeal or sues out the writ of error. Chowning therefore was not discharged from his liability upon the judgment upon this ground.

The Court of Civil Appeals erred in rendering judgment against plaintiffs in error. It becomes necessary to examine the assignments of error presented in the Court of Civil Appeals by the appellant Chowning, to ascertain if there are other grounds upon which he is entitled to a reversal of the judgment of the District Court.

Chowning alleged in his petition that, by agreement entered into between himself and one Diehl, agent of P. J. Willis and Bro., and also one Finch, attorney for the same parties, engaged in the conduct of that cause, he, Chowning, on the day the judgment was entered, delivered to the sheriff of Wilbarger County the property which had been levied upon as belonging to Byars and claimed by Morrison, the same for which the claim bond was given. The cattle had been levied upon as they ran upon the range by what is termed a range levy and were by Chowning redelivered to the sheriff in like manner. Chowning also alleged that there was an agreement between himself and the attorney and agent of Willis and Bro. that, upon such delivery being made, he, Chowning, was

to be discharged from further responsibility on the judgment rendered in favor of Willis and Bro. against Morrison as principal and Sumner and Chowning as sureties. The evidence upon this issue was conflicting, but we think that it tended strongly to establish the fact of delivery by Chowning to the sheriff, the agreement of the counsel and agent of Willis and Bro. as well as the ratification by Willis and Bro. of the act of their attorney and agent. There was no proof of special authority from Willis and Bro. to the agent or to the attorney to make the agreement, but the facts which attended the transaction, with the subsequent levy upon the same property as the property of Byars, and the further fact that Chowning aided in gathering the cattle, for which he was reimbursed by Willis and Bro., together with a failure of the latter to enforce their judgment against Chowning for more than ten years are, we think, sufficient to support a verdict sustaining the allegations made.

This seems to have been the only issue submitted to the jury, upon which the court charged them, in effect, to find for the defendants unless they found that Chowning had been released from the judgment by Willis and Bro. or by their authorized agent or attorney; and upon this point the court instructed the jury as follows:

"In determining whether or not Chowning was released from the judgment against him you are instructed that P. J. Willis and Bro. will not be bound by a release, if any, given or promised by their agent or attorney, Geo. Diehl or Finch, unless the evidence before you establishes, to your satisfaction, that they, P. J. Willis and Bro., authorized the said Diehl and Finch to make or give such release, or that, being thereafter informed of the giving or promising of such release to Chowning, P. J. Willis and Bro. ratified the same."

After retiring, the jury propounded to the court a question in writing upon this issue, which shows that the question of authority in the attorney to make the agreement was the vital point in the case, to which question the court answered as follows:

"In answer to the questions submitted by you I give you the following additional instructions, viz.: An agent or attorney cannot release his principals or employers debtor simply by virtue of such agency or employment, but must be specially authorized by his principal so to do. But if a release is given by an agent or attorney in the absence of such special authority, then if the principal or employer, with full knowledge of such acts by his agent or attorney, ratifies or consents to such release it would be as binding as if specially authorized before the giving of such release."

Chowning assigns the giving of the charges above quoted as error, specifying the following points of objection:

1. That it was error in the court to charge the jury in effect that the evidence must establish to their satisfaction that Willis and Bro. authorized Diehl or Finch to make the agreement or that they ratified it in order to entitle him to the benefit of the discharge.

2. That under the facts of this case the attorney who represented Willis and Bro. in the prosecution of that cause had authority, by virtue

of his employment, to make the agreement, and the charge of the court that a special authority was necessary was error.

The law required Chowning to establish his allegations by the preponderance of the evidence, but the charge of the court required him to produce evidence sufficient to establish greater degree of certainty in the minds of the jury than was demanded by law, which was error for which this judgment must be reversed. (G. H. & S. A. Ry. Co. v. Matula, 79 Texas, 582; G. C. & S. F. Ry. Co. v. Harriett, 80 Texas, 82.) It is not unfrequently the case that men in the ordinary affairs of life act upon a state of facts which does not satisfy the mind, but the preponderance is in favor of the action taken. No higher degree of certainty is required in evidence when presented to men sitting on a jury to enable them to pass upon the actions of others.

The primary obligation of Chowning as surety upon the bond of Morrison to try the right of property was that, in case Morrison should fail to establish his claim, the property would be returned to the sheriff in as good condition as when Morrison received it, and the payment of damages assessed by the court and the value of the use of the property. Rev. Stats., sec. 5288. In case the parties failed to return the property within ten days the plaintiff was entitled to enforce the judgment against the principal and the sureties. There is nothing in the record of this case to show that the court awarded any damages against Morrison and his sureties or that the use of the cattle was worth anything to them. The return of the property levied upon and for which the bond was given accomplished the main purpose of the bond.

Article 5310, Revised Statutes, provides: "If within ten days from the rendition of said judgment, the claimant shall return such property in as good condition as he received it, and pay for the use of the same, together with the damages and costs, such delivery and payment shall operate as a satisfaction of such judgment." The claimant and his sureties had the right under this article of the statute to return the property within ten days and discharge the judgment by paying the damages, if any, and the value of the use of the property and costs of suit. It was therefore not necessary for Chowning to have the consent of the attorney or agent to return the property to the sheriff and the only thing that was done in the transaction to which the consent of the attorney was necessary was discharging Chowning from liability for the damages, if any were assessed, and for the value of the use of the property and costs, and we believe that these matters fall within the line of the attorney's authority in prosecuting the suit, about which he might make such agreements as were necessary in order to secure the interests of his client. (Lee v. Wharton, 11 Texas, 73; Webb v. White, 18 Texas, 572.) The damages and the value of the use of the property and costs were not parts of the original debt, but mere incidents arising out of the proceeding conducted by the attorney. It would be a narrow limit within which to place the authority of counsel in the prosecution of causes of this kind to say that there must be special authority given to him by his client for

every action that he takes by which he might release the matter of costs or damages in order to protect his client's more substantial interests. We therefore conclude that, if the testimony establishes the fact that Finch, the attorney of Willis and Bro., agreed to release Chowning from the judgment in case he delivered the property to the sheriff and that Chowning in pursuance of that agreement did make such delivery to the sheriff, then Chowning was discharged from the judgment, and a sale under it thereafter would be void.

The court also charged the jury in substance that the consent of W. R. Morrison to the surrender of the cattle was necessary in order that such surrender might work a discharge of Chowning, the surety. We are not prepared to say that a surety may not surrender property for which he is bound upon a bond of this character, even in opposition to the will of the principal, if the surety is able to deliver the possession to the sheriff. It is, however, unnecessary to decide that question in this case, because it does not lie in the mouth of Willis and Bro. to raise the question of want of Morrison's consent if it appears from the evidence that the property was actually delivered to the sheriff, or delivered to him upon the range in the same manner as it was levied upon, and was subsequently sold by the sheriff under an execution against Byars and the proceeds paid over to Willis and Bro., as we understand the evidence to strongly indicate if not to establish beyond dispute.

Because the court erred in the charge complained of, the judgment of the District Court was rightly reversed by the Court of Civil Appeals, but that court erred in giving judgment for Chowning for the land in controversy. It is therefore ordered that the judgment of the Court of Civil Appeals, in so far as it renders judgment against P. J. Willis and Bro. in favor of Chowning, be reversed and set aside, and that, in so far as the judgment of said court reverses the judgment of the District Court, the same be affirmed and that this cause be remanded to the District Court for further trial in accordance herewith. It is ordered that P. J. Willis and Bro. pay the costs in the Court of Civil Appeals and that the defendant H. Chowning pay the costs of this court.

*Reversed and remanded.*