Leo WIMAN, Appellant,

v.

George R. TOMASZEWICZ, Appellee.

No. 05–93–00148–CV.

Court of Appeals of Texas,
Dallas.

. March 9, 1994.

Rehearing Denied April 25, 1994.

Douglas C. Kittelson, Lawrence G. Newman, Dallas, for appellant.

Ben L. Krage, Dallas, for appellee.

Before KINKEADE, CHAPMAN and WHITTINGTON, JJ.

## OPINION

KINKEADE, Justice.

Leo Wiman appeals a summary judgment granted in favor of George R. Tomaszewicz in this suit to collect a deficiency due under a promissory note. In two points of error, Wiman contends that the trial court erred in (1) granting summary judgment for Tomaszewicz and (2) denying his motion for summary judgment. Because we conclude that (1) limitations did not bar Wiman's deficiency claim against Tomaszewicz, (2) any modification of the note did not release Tomaszewicz from liability under the guaranty, and (3) a genuine issue of material fact exists as to Wiman's cause of action against Tomaszewicz on the guaranty, we reverse the trial court's judgment and remand this cause for further proceedings.

## FACTUAL AND PROCEDURAL HISTORY

On September 20, 1985, Hester Development Company, Inc. (Hester) executed a promissory note payable to the order of Founders National Bank ("FNB"). The note specifically waived demand, notice of intent to accelerate, and notice of acceleration. The note was secured by a deed of trust. Wiman and Tomaszewicz executed a continuing guaranty agreement guaranteeing payment of the note. The continuing guaranty agreement provided, in pertinent part:

... [T]he undersigned Guarantors, hereby guarantee to the Lender and to every subsequent holder or holders of the Note that (i) the principal of and interest on the Note, and attorneys' fees as provided in the Note, will be promptly paid when due ... (ii) all covenants and agreements of the Borrower contained in the Note, the Deed of Trust, and all other documents executed in connection with the Loan (the "Loan Documents"), will be duly and promptly observed and performed, and (iii) all additional amounts owing or which hereafter become owing by the Borrower under the terms of the Note, the Deed of Trust, or other Loan Documents will be promptly paid when due.

This Guaranty shall apply to and cover all indebtedness and any renewals, refinancing, modifications, or extensions thereof....

The obligations of the Guarantors shall be performable *upon written demand* of the Lender.... The Guarantors hereby ... waive ... all rights to require the Lender to (a) proceed against the Borrower, (b) proceed against or exhaust any collateral held by the Lender to secure the payment of the indebtedness guaranteed hereby, or (c) pursue any other remedy it may now or hereafter have against the Borrower or any other endorser, guarantor, or surety.

The Guarantors hereby agree that, at any time or from time to time, without notice or the consent of Guarantors, Lender may:

(1) extend the time for payment of the principal of or interest on the Note, or any part thereof, or renew or modify the Note in whole or in part, including provisions increasing the original stated amount of the Note, or accept another note containing other or different provisions in substitution therefor....

The Lender may assign its rights hereunder in whole or in part and upon any such assignment all the terms and provisions of this Guaranty shall inure to the benefit of such assignee, to the extent so assigned....

Every notice required or permitted hereunder shall be sufficient if delivered personally *to the party to whom directed or if mailed to it,* postage prepaid, directed to the address stated below....

(Emphases added.)

Hester failed to pay the note pursuant to its terms. On August 26, 1986, FNB sent

Hester a notice of delinquency and notice of intent to accelerate the note. FNB sent copies of the letter to Wiman and Tomaszewicz. The August 26 letter was addressed to Hester and provided, in pertinent part:

> FNB's records reflect that there are presently due and owing under the Note the following scheduled interest payments ... which came due on August 25, 1986. These amounts are delinquent. Pursuant to these Documents [note, deed of trust, and guaranty agreement], notice is hereby given that, unless the delinquent interest due ... is paid in full within five (5) days from the date of this letter, FNB will exercise its right to accelerate the maturity of the Note and other indebtedness secured by the Loan Documents....
>
> ... [F]ailure to effect a timely cure of the above-described delinquency will constitute an event of default under the [Loan Documents], in which FNB intends to exercise its remedies under the Loan Documents....

Hester made no attempt to cure the delinquency.

While there is conflicting summary judgment evidence concerning whether Wiman purchased Hester's obligation from FNB, on September 4, 1986, FNB allegedly assigned its interest in Hester's note, deed of trust, and guaranty to Wiman by executing a transfer of lien. On September 15, 1986, Wiman, as assignee, mailed a demand letter to Tomaszewicz, a guarantor of the note, which provided, in pertinent part:

> This letter is sent to you as a guarantor of the above-described indebtedness.
>
> Maturity of the above described note having been accelerated pursuant to its terms and the terms of the Deed of Trust securing same, *demand is hereby made on you* for payment of the balance due and owning on said note.

(Emphasis added.) On October 7, 1986, Wiman conducted a foreclosure sale pursuant to the terms of the deed of trust. The proceeds from the foreclosure sale were insufficient to cover Hester's indebtedness under the note. On September 14, 1990, Wiman sued Tomaszewicz under the continuing guaranty agreement for the deficiency. Both Wiman

and Tomaszewicz filed motions for summary judgment. The trial court denied Wiman's motion and granted Tomaszewicz's motion.

## SUMMARY JUDGMENT STANDARD OF REVIEW

Summary judgment may be rendered only if the pleadings, depositions, admissions, and affidavits show that (1) there is no genuine issue as to any material fact, and (2) the moving party is entitled to judgment as a matter of law. Tex.R.Civ.P. 166a(c); *Rodriguez v. Naylor Indus., Inc.*, 763 S.W.2d 411, 413 (Tex.1989). A summary judgment seeks to eliminate patently unmeritorious claims and untenable defenses, not to deny a party its right to a full hearing on the merits of any real issue of fact. *Gulbenkian v. Penn*, 151 Tex. 412, 416, 252 S.W.2d 929, 931 (1952). In a summary judgment proceeding, the defendant, as movant, must either (1) disprove at least one element of each of the plaintiff's theories of recovery, or (2) plead and conclusively establish each essential element of an affirmative defense, thereby rebutting the plaintiff's cause of action. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 679 (Tex.1979). A summary judgment for the defendant disposing of the entire case is proper only if, as a matter of law, viewing the evidence in the light most favorable to the plaintiff, the plaintiff could not succeed upon any theory pleaded. *Delgado v. Burns*, 656 S.W.2d 428, 429 (Tex. 1983). A defendant seeking summary judgment based on the statute of limitations must prove when the cause of action accrued and must negate the applicability of the discovery rule if pleaded by the non-movant. *Burns v. Thomas*, 786 S.W.2d 266, 267 (Tex.1990).

The plaintiff, as movant, has the burden of showing that no genuine issue of material fact exists and that he is entitled to judgment as a matter of law. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548 (Tex.1985). In deciding whether a disputed material fact issue exists, we accept as true evidence favorable to the non-movant. *Id.* at 548–49. We indulge in every reasonable inference and resolve any doubts in non-movant's favor. *Id.* at 549. Summary judgment is proper when the controversy involves

an unambiguous document. *Mann v. NCNB Tex. Nat'l Bank,* 854 S.W.2d 664, 666–67 (Tex.App.—Dallas 1992, no writ).

When the trial court's order granting summary judgment for one movant and denying summary judgment for the other does not specify the grounds upon which it rests, this Court may affirm the trial court's judgment if any of the grounds raised in the prevailing movant's motion are meritorious. *Carr v. Brasher,* 776 S.W.2d 567, 569 (Tex. 1989). This Court may also reverse the trial court's judgment and render judgment for the other movant based on any meritorious grounds raised in its motion. *See id; Jones v. Strauss,* 745 S.W.2d 898, 900 (Tex.1988). On appeal, this Court considers all the evidence accompanying both motions. *Dae Won Choe v. Chancellor, Inc.,* 823 S.W.2d 740, 742 (Tex.App.—Dallas 1992, no writ).

## TOMASZEWICZ'S MOTION FOR SUMMARY JUDGMENT

In his first point of error, Wiman contends that the trial court erred in granting summary judgment for Tomaszewicz on Tomaszewicz's motion for summary judgment. Tomaszewicz's motion for summary judgment raised two affirmative defenses to Wiman's claim against him under the guaranty: limitations and material modification. We will discuss the application of each of these defenses based on the summary judgment evidence in the record.

### Limitations

Wiman argues that the statute of limitations did not bar his claim against Tomaszewicz because his cause of action on the guaranty did not accrue until, at the earliest, he sent Tomaszewicz the September 15, 1986 demand letter. By filing his original petition on September 14, 1990, Wiman argues that he met the four-year statute of limitations. Tomaszewicz contends that Wiman's cause of action on the guaranty accrued before September 14, 1986, when Hester defaulted on the note, and Wiman failed to file this action within four years of that date.

Section 16.004(a)(3) of the Texas Civil Practices and Remedies Code provides that a person must bring suit on a debt, such as Wiman's suit against Tomaszewicz on the guaranty, no later than four years after the day the cause of action accrues. TEX.CIV. PRAC. & REM.CODE ANN. § 16.004(a)(3) (Vernon 1986). The question of when a cause of action accrues is a question of law for the court to decide. *Moreno v. Sterling Drug,* 787 S.W.2d 348, 351 (Tex.1990). A cause of action generally accrues at the time when facts come into existence which authorize a claimant to seek a judicial remedy. *Murray v. San Jacinto Agency, Inc.,* 800 S.W.2d 826, 828 (Tex.1990); *Hartman v. Hartman,* 135 Tex. 596, 599, 138 S.W.2d 802, 803 (1940). If demand is an integral part of a cause of action or a condition precedent to the right to sue, the statute of limitations does not begin to run until demand is made, unless the demand is waived or unreasonably delayed. *Intermedics, Inc. v. Grady,* 683 S.W.2d 842, 845 (Tex.App.—Houston [1st Dist.] 1985, writ ref'd n.r.e.); *Gabriel v. Alhabbal,* 618 S.W.2d 894, 896 (Tex.Civ.App.—Houston [1st Dist.] 1981, writ ref'd n.r.e.).

In those situations where a guarantor can be sued without first suing the maker, an action to recover on a contract of guaranty cannot be defended by showing that the claim against the maker has been barred by the statute of limitations. *Beddall v. Reader's Wholesale Distribs., Inc.,* 408 S.W.2d 237, 240 (Tex.Civ.App.—Austin 1966, no writ); *see also Willis v. Chowning,* 90 Tex. 617, 621–22, 40 S.W. 395, 396–97 (1897) (holding that, in cases where the surety could be sued without joining the principal, a surety could not assert maker's limitations defense on note); *Western Casket Co. v. Estrada,* 116 S.W. 113, 113–14 (Tex.Civ.App.—El Paso 1909, no writ) (applied principles announced in *Willis* to guarantors). In such a case, the operation of the statute of limitations on the principal obligation does not of itself affect the undertaking of a guarantor and is not a defense available to the guarantor unless it has also operated on his own promise of guaranty. *Beddall,* 408 S.W.2d at 240; *see also Charbonneau v. Bouvet,* 98 Tex. 167, 82 S.W. 460 (1904).

In determining when Wiman's cause of action against Tomaszewicz began to accrue

for purposes of the statute of limitations, we look at the terms of the guaranty. *See Vastine v. Bank of Dallas,* 808 S.W.2d 463, 464 (Tex.1991); *FDIC v. Attayi,* 745 S.W.2d 939, 944 (Tex.App.—Houston [1st Dist.] 1988, no writ). The guaranty in this case allows the holder of the note to collect past-due sums directly from the guarantor without first pursuing the debtor. In this respect, it is a guaranty of payment, and Tomaszewicz can be sued without joining the principal debtor. *See Ford v. Darwin,* 767 S.W.2d 851, 854 (Tex.App.—Dallas 1989, writ denied). Thus, Tomaszewicz cannot assert the defense of limitations based on when a claim against the maker accrued but must show that the statute of limitations expired on his own promise of guaranty.

Although the guarantors in this case may be sued without first pursuing the maker, the guarantors' liability is not unconditional. The guaranty states that the obligations of the guarantors shall be performable upon written demand of the lender delivered personally to the party to whom directed. Under the terms of this guaranty, demand to the guarantors was a condition precedent to seeking a judicial remedy from the guarantors. The August 26, 1986 demand letter was directed to Hester, not Tomaszewicz. The demand letter to Tomaszewicz was dated September 15, 1986. Only after a demand for payment was made to Tomaszewicz, could Wiman seek recovery from Tomaszewicz. The statute of limitations did not begin to run against Tomaszewicz until demand was made, unless demand was waived or unreasonably delayed. *Intermedics, Inc.,* 683 S.W.2d at 845. Demand to Tomaszewicz approximately three weeks after acceleration of the underlying note was not unreasonably withheld. Under the facts of this case, Wiman's cause of action accrued for the purposes of the statute of limitations, at the earliest, on September 15, 1986, when demand was made on Tomaszewicz and Wiman's suit was timely filed four years from that date. *See id.; Gabriel,* 618 S.W.2d at 896.

Tomaszewicz argues that allowing the holder of a note to collect against the guarantor when a cause of action against the maker is barred would eviscerate the rule that in a suit on a guaranty, the guarantor may assert any matter in defense that is available to the original obligor. This general rule allows a guarantor of a note to assert defenses to the guaranteed obligation that the principal could assert. *See Mayfield v. Hicks,* 575 S.W.2d 571, 574 (Tex.Civ.App.—Dallas 1978, writ ref'd n.r.e.); *Stephens v. First Bank & Trust of Richardson,* 540 S.W.2d 572, 574 (Tex.Civ. App.—Waco 1976, writ ref'd n.r.e.). However, as we previously discussed, this general rule is limited and does not apply under the facts of this case. *See Houston Sash & Door Co. v. Heaner,* 577 S.W.2d 217, 222 (Tex. 1979) (a guarantor could not interpose the maker's usury defense on promissory note because usury defense remains personal to the debtor); *Universal Metals & Mach., Inc. v. Bohart,* 539 S.W.2d 874, 877–78 (Tex.1976) (a guarantor, who contracted as a primary, absolute, unconditional obligor, is not freed from liability because of the forged signature of the maker on a note); *Willis,* 90 Tex. at 621–22, 40 S.W. at 396–97; *Estrada,* 116 S.W. at 113–14.

Tomaszewicz also argues that allowing the holder of a note to collect against the guarantor, in this situation, when a cause of action against the maker is barred by limitations, would subject the guarantor to greater liability than the underlying maker because he could be forced to pay at a time when the maker could not. He argues that it is unfair, under these circumstances, to allow a bank to sue a guarantor on an obligation when it cannot sue the maker. Additionally, Tomaszewicz argues that a guarantor who pays the obligation has no recourse against the maker who is protected by the statute of limitations. The Texas Supreme Court addressed this argument as it applied to the principal-surety relationship in *Willis* and reasoned that because a surety has a cause of action against the maker running from the date the surety pays the obligation, the guarantor is protected. The court held:

> Although the debt may be barred by limitation as against the principal, yet judgment may be entered against the surety if he be liable thereon, in cases where suit may be maintained against the surety without joining the principal; and if the

surety pay the debt which is at the time barred by limitations as against the principal, but is a valid obligation against the surety, such surety may recover against the principal or against his estate at death. The right of action in favor of the surety arises when he pays the debt, and is not based upon the original debt itself, but upon the implied contract which exists at law between the principal and surety in such cases.... [T]he proposition that the surety is discharged when the right of action is barred as against the principal rests upon the doctrine that the surety's action is based upon the right of subrogation to the claim of the payee in the contract, against which doctrine this court has held...

*Willis,* 90 Tex. at 621–22, 40 S.W. at 396–97. In *Estrada,* 116 S.W. at 113–14, the court applied this principle to guarantors.

■ We note that a minority of jurisdictions have adopted Tomaszewicz's arguments. *See* Annotation, *Bar of Statute of Limitations as Against Primary Debtor as Release or Discharge of, or Defense Available to, Guarantor,* 58 A.L.R.2d 1272, 1277–78 (1958). However, Texas follows the majority rule that when the guarantor can be sued independently from the maker, the guarantor cannot assert the maker's statute of limitations defense. *Id.* at 1273–77. In many situations the guaranty will be unconditional and the statute of limitations on the note and guaranty will run concurrently and the parties to a guaranty can contract to protect their interests accordingly. We also note that a guarantor who is forced to pay under the guaranty agreement may sue the maker of the note to recover his payment of the obligation. *See Willis,* 90 Tex. at 621–22, 40 S.W. at 396–97.

We hold that the statute of limitations on Tomaszewicz's guaranty did not accrue until, at the earliest, demand was made on Tomaszewicz and therefore did not bar Wiman's claim against Tomaszewicz.

### Material Modification

■ Wiman argues that material modification did not bar his claim against Tomaszewicz because the guaranty specifically allowed modifications, renewals, refinancings, and extensions of the underlying note without Tomaszewicz's consent. Tomaszewicz argues that FNB modified the note when it (1) subsequently charged Hester a $6000 fee to renew the note and added this fee to the principal due under the note and (2) placed an interest rate floor of 11.5 percent on the note that did not originally exist. Tomaszewicz argues that these actions, without his consent, effected a release of his liability under the guaranty.

The modifications about which Tomaszewicz complains were permitted by the express terms of the continuing guaranty. In the guaranty, Tomaszewicz agreed that the note could be extended, renewed, or modified, in whole or in part, without his notice or consent and without affecting his liability under the guaranty. The guaranty's terms are unambiguous. The alleged modifications, therefore, did not release Tomaszewicz from liability. *See Attayi,* 745 S.W.2d at 943–45 (terms of guaranty waived modification as defense). Tomaszewicz's modification defense thus fails as a matter of law.

Because the summary judgment evidence viewed in the light most favorable to Wiman showed as a matter of law that limitations did not bar Wiman's cause of action against Tomaszewicz and the terms of the guaranty allowed the alleged modifications without Tomaszewicz's consent, the trial court erred in granting summary judgment for Tomaszewicz on either of the two grounds asserted in Tomaszewicz's motion for summary judgment. We sustain Wiman's first point of error.

### WIMAN'S MOTION FOR SUMMARY JUDGMENT

■ In his second point of error, Wiman contends that the trial court erred in denying his motion for summary judgment. He argues that because the summary judgment evidence established all of the elements of his cause of action against Tomaszewicz on the guaranty, he is entitled to judgment as a matter of law. Tomaszewicz's response to Wiman's motion for summary judgment raised the affirmative defenses of limitations,

material modification, waiver, and release and asserted that a factual issue existed about whether FNB assigned its interest in the note and guaranty to Wiman.

Wiman's motion for summary judgment raised one ground of recovery, breach of the guaranty contract. In considering Wiman's motion for summary judgment we are bound to the grounds expressly stated in his motion. *See McConnell v. Southside Indep. Sch. Dist.,* 858 S.W.2d 337, 341 (Tex.1993). To establish his right to recover as a matter of law, Wiman must conclusively prove all elements of his cause of action. *See Vest v. Gulf Ins. Co.,* 809 S.W.2d 531, 532 (Tex. App.—Dallas 1991, writ denied). To recover on his suit on the guaranty, Wiman must show proof of (1) the existence and ownership of the guaranty contract, (2) the terms of the underlying contract by the holder, (3) the occurrence of the conditions upon which liability is based, and (4) the failure or refusal to perform the promise by the guarantor. *See Barclay v. Waxahachie Bank & Trust Co.,* 568 S.W.2d 721, 723 (Tex.Civ.App.—Waco 1978, no writ).

Attached to Wiman's motion for summary judgment is a document titled, "Transfer of Lien" which purports to assign FNB's interest in Hester's note, deed of trust, and guaranty to Wiman. Wiman argues that this transfer of lien establishes that he owned the guaranty and *could therefore pursue* Tomaszewicz under the guaranty contract itself. *See Highlands Cable Television, Inc. v. Wong,* 547 S.W.2d 324, 327 (Tex.Civ.App.—Austin 1977, writ ref'd n.r.e.). Tomaszewicz contends that Wiman's own deposition testimony raises a factual issue on whether Wiman owns the note and guaranty. In Wiman's deposition, he states that he did not purchase Hester's note from the bank. Wiman says that the bank foreclosed on the property. Tomaszewicz claims that this testimony raises a fact issue on whether Wiman owned the note and guaranty. Viewed in the light most favorable to Tomaszewicz, we agree that the summary judgment evidence raised a fact issue whether Wiman owns the guaranty contract. Because a genuine issue of material fact exists regarding the ownership of the guaranty contract, summary judg-

ment for Wiman is not proper. *See Barclay,* 568 S.W.2d at 723; *see also Nixon,* 690 S.W.2d at 548. We overrule Wiman's second point of error.

We reverse the trial court's judgment and remand this cause to the trial court for further proceedings consistent with this opinion.