**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 97-10980
Summary Calendar

NATIONSBANK OF TEXAS, N.A.,

Plaintiff-Appellee,

VERSUS

OLIVER TRANSPORTATION INCORPORATED, ET AL.,

Defendants,

TONY MEADOR,

Defendant-Appellant.

Appeal from the United States District Court
For the Northern District of Texas
(3:95-CV-1735-X)

March 26, 1998

Before JOLLY, BENAVIDES and PARKER, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Tony Meador ("Meador") appeals the summary

judgment granted to Plaintiff-Appellee NationsBank of Texas, N.A.

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

("NationsBank") in this action on a guaranty. We affirm.

FACTS AND PROCEDURAL HISTORY

On February 28, 1994, NationsBank granted Oliver Transport, Inc. ("OTI") a line of credit in a secured revolving credit arrangement. Meador, who at that time served as president of OTI, and John F. Oliver signed agreements to serve as personal guarantors of the loan.

In June 1995, NationsBank discovered that OTI had overstated its receivables which served as security for the outstanding loan. In spite of that discovery, NationsBank continued to loan OTI additional amounts under the revolving credit arrangement until September 1995. NationsBank advanced a total of approximately $62,900,000 to OTI under the agreement. On September 21, 1995, when NationsBank demanded full payment of amounts due on the note, the outstanding balance was $3,209,432.05. Because OTI failed to fully satisfy its obligations, NationsBank demanded payment of Meador's Guaranty Obligation.

When OTI, Meador and Oliver failed to pay the balance of the debt, NationsBank filed suit. OTI and Oliver did not answer the complaint and default judgment was entered against them, which is now final.

On NationsBank's motion for summary judgment against Meador, the district court found that there were no disputed issue of material fact on the elements of an action on a guaranty: (1) the existence and ownership of the guaranty contract, (2) the terms of

2

the underlying contract, (3) the occurrence of the conditions upon which liability is based, and (4) the failure or refusal to perform by the guarantor. *Winan v. Tomaszewicz*, 877 S.W.2d 1, 8 (Tex. App.--Dallas 1994, n.w.h.). After resolving questions of law involving contract interpretation against Meador, the district court entered summary judgment for NationsBank, which Meador now appeals.

DISCUSSION

We review the entry of summary judgment *de novo,* applying the same standards that governed the District Court's decision. *Estate of Carter v. United States,* 921 F.2d 63, 65 (5th Cir. 1991).

a. Material alterations

Meador contends that NationsBank made material alterations of the indebtedness which discharged his guaranty. In order to succeed on his material alteration defense, Meador must create a fact issue on each of the following elements: (1) a material alteration of the underlying contract; (2) made without his consent; (3) which is to his detriment. *Austin Hardwoods, Inc. v. VandenBerghe*, 917 S.W.2d 320, 326 (Tex. App.--El Paso, 1995, writ denied). However, the guaranty states that Meador's "obligations under the terms of this guaranty shall not be . . . affected by . . . any failure of the Lender to notify the Guarantor of any renewal, extension or assignment of the Guaranteed Indebtedness[.]" The trial court did not err in holding that Meador agreed in

3

advance to the increase of which he now complains and simultaneously waived all rights to notice of any increase.

b. Meador's retirement

Meador asserts that his retirement for OTI, of which NationsBank became aware through news media reports, operated to terminate his liability on the guaranty. The guaranty states that in order to be relieved of further liability on the guaranty, Meador must communicate written notice to NationsBank that he would not be liable for amounts advanced after the notice was sent. Communication of his employment status through the news media does not comply with that requirement. The district court did not err in finding that there was no disputed issue of material fact on this defense.

c. Equitable estoppel

Meador argues that NationsBank should be equitably estopped from enforcing the guaranty because NationsBank failed to require Meador to update his financial statements after his retirement, which he says he assumed indicated his release from liability. To succeed on his claim of equitable estoppel, Meador must establish material concealment of material fact, made with actual or constructive knowledge of true facts, with the intent that the concealment be acted upon by a party without knowledge or means of knowledge of the true facts who relies on the concealment to his detriment. *Matter of Christopher*, 28 F.3d 512, 520 (5th Cir.

4

1994).  Meador's contention amounts to a claim that NationsBank concealed from Meador the advances made to OTI between June and September 1995.  This position fails to create a fact issue on equitable estoppel because Meador's guaranty expressly waived any notice of such advances, because no evidence supports an inference of concealment, and because there is no fact question that the 1995 advances in question did not operate to Meador's detriment.  In fact, Meador's liability was reduced during the June – September 1995  time period.

For the foregoing reasons, we affirm the district court's grant of summary judgment for NationsBank.

AFFIRMED.