

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-14-00328-CV

THEODORE VAKRINOS, AS AN
INDIVIDUAL AND AS TRUSTEE OF
THE DUVAR FAMILY TRUST

APPELLANT

V.

THE LAW OFFICES OF KENNETH
D. HARTLESS AND BRIAN
HARGROVE D/B/A HARTLESS &
HARGROVE, PLLC; KENNETH D.
HARTLESS, AS INDIVIDUAL AND
AS GUARANTOR

APPELLEES

----------

FROM COUNTY COURT AT LAW NO. 1 OF TARRANT COUNTY
TRIAL COURT NO. 2012-005737-1

----------

## MEMORANDUM OPINION[1]

----------

Appellant Theodore Vakrinos appeals from the trial court's take-nothing

judgment against him in his suit for unpaid rent against Appellees Kenneth D.

---

[1]*See* Tex. R. App. P. 47.4.

Hartless, individually and as guarantor, and the Law Offices of Kenneth D. Hartless and Brian Hargrove, doing business as Hartless & Hargrove, PLLC (the law firm). Vakrinos argues in three issues that the trial court's judgment is erroneous because Hartless failed to prove the defense of limitations on which the judgment was based. Because we hold that the statute of limitations bars Vakrinos's claims, we affirm.

## Background

Vakrinos sued Hartless, Brian Hargrove, and the law firm for unpaid rent under a lease. Vakrinos alleged that Hartless and Hargrove each signed the lease as a personal guarantor for the law firm, that the lease terminated on August 31, 2008, and that he was owed $10,197 as rent June, July, and August 2008. The lease required payment on the first day of each month. Vakrinos filed his suit on August 30, 2012, more than four years after the due date for each of the alleged missed payments.

The lease was made between Vakrinos and the law firm of Kenneth D. Hartless and Brian Hargrove, doing business as Hartless & Hargrove, PLLC. The lease, effective as of September 1, 2003, was signed by "Kenneth D. Hartless, Esquire" and "Brian Hargrove, Esquire," and the signature page does not indicate that they signed in any capacity except their individual capacities. They did not sign their names under a signature block for "Hartless & Hargrove, PLLC" as they had under a prior lease with Vakrinos.

2

The lease had a guaranty attached as an addendum. The copy of the guaranty that was produced at trial was not legible. However, Vakrinos also introduced a copy of a guaranty signed by a nonparty in an unrelated transaction. Vakrinos's attorney asserted that the document contained the same terms as the guaranty signed by Hartless and Hargrove and was being included so that the court would have a legible copy of the guaranty's terms. Hartless did not object.

The guaranty was signed by both Hartless and Hargrove. Under the document's terms, Hartless and Hargrove each guaranteed the full payment and performance of all obligations under the lease and agreed that "Landlord shall not be first required to enforce against Tenant or any other person any liability, obligation, or duty guaranteed hereby before seeking enforcement" against them. The guaranty further stated that the landlord could bring suit against any or all guarantors of the lease, jointly and severally.

Before trial, Hargrove settled with Vakrinos and was nonsuited. The case proceeded to a bench trial on Vakrinos's remaining claims. At trial, Hartless stipulated to the amount that was owed under the lease. After considering Vakrinos's evidence, the trial court rendered judgment against Vakrinos on the basis of limitations.

In findings of fact and conclusions of law, the trial court found that more than four years had elapsed between the dates that the rents were due and the date that the suit was filed. The trial court further found that there was no signed

writing by Hartless or the law firm acknowledging the debt that would start the limitations period on a new debt. Vakrinos now appeals.

Discussion

In his first issue, Vakrinos challenges the sufficiency of the evidence to establish the statute of limitations defense to his claim against the law firm and Hartless. Vakrinos argues that Hartless and the law firm stipulated to Vakrinos's "entire case" and that by doing so, Hartless and the law firm undermined their own limitations defense. He further argues that Hartless and the law firm offered no testimony or other evidence to establish limitations.

The attorney for Hartless and the law firm stipulated only to the amount owed for the three months of unpaid rent less the amount that Hargrove had paid in settlement. Vakrinos is correct, however, that Hartless and the law firm relied on Vakrinos's own pleadings and evidence to establish the defense of limitations rather than introduce their own evidence. Vakrinos's pleadings and evidence showed that the suit was brought more than four years after the rent was due and not paid. The attorney for Hartless and the law firm pointed out to the trial court that the lease required payment on the first of the month, and he argued that "when rent payment comes due for a particular period of time, that's when the limitations period begins to run."[2] Hartless and the law firm were not required

---

[2] *See Stine v. Stewart*, 80 S.W.3d 586, 592 (Tex. 2002) (stating that a breach of contract claim is governed by the four-year statute of limitations and that "a breach of contract claim accrues when the contract is breached"); *F.D. Stella Products Co. v. Scott*, 875 S.W.2d 462, 465 (Tex. App.—Austin, 1994, no

4

to introduce their own evidence if Vakrinos's evidence established that limitations had run.[3] We overrule Vakrinos's first issue.

In his second issue, Vakrinos challenges the trial court's determination of when the statute of limitations began to run on his claim against Hartless as guarantor. Vakrinos first argues that the obligation of the guarantors did not become fixed and certain until after the law firm moved out of the premises because he had no way to determine before then what damage had occurred to the premises. Thus, he argues, the limitations period did not start running on his claim against the guarantors at the same time as the limitations period for his claim under the lease because the obligation was not fixed and certain until the law firm moved out. But Vakrinos did not allege or sue to recover for damage to the property. He sued to recover unpaid rent, and he was entitled to sue on the guaranty for that rent before the law firm moved out. His argument is therefore irrelevant.

Vakrinos then cites the Dallas Court of Appeals's decision in *Wiman*[4] for the proposition that a guarantor cannot assert the statute of limitations defense of the principal obligor. *Wiman* is distinguishable. *Wiman* acknowledged the limited

pet.) ("For breach of contracts requiring fixed, periodic payments, Texas law is clear that a separate cause of action arises for each missed payment").

[3] *See, e.g.*, *Arnold v. Shuck*, 24 S.W.3d 470, 471–72 (Tex. App.—Texarkana 2000, pet. denied) (holding that the defendant established her right to summary judgment on limitations based on the plaintiff's petition).

[4] *Wiman v. Tomaszewicz*, 877 S.W.2d 1, 5–6 (Tex. App.—Dallas 1994, no writ).

general rule that allows a guarantor of a note to assert defenses to the obligations that the principal could assert but held that it did not apply in that case.[5] *Wiman* stated that a court determines when a claim accrues under a guaranty by looking at the terms of the guaranty, and under the terms of the guaranty in that case, demand was a condition precedent to suit against the guarantor.[6] Thus, the limitations period did not begin to run on the claim against that guarantor "until demand was made, *unless* demand was waived or unreasonably delayed."[7]

Here, Hartless waived notice of default and presentment, and the guaranty does not contain any express provision making a demand a condition precedent to suit. Thus, Vakrinos could have sued under the guaranty immediately when the rent was not paid. But even if we were to read the guaranty as containing a demand requirement as a condition precedent to suit,[8] a plaintiff suing under a guaranty

---

[5] *Id.*

[6] *Id.* at 6.

[7] *Id.* (emphasis added).

[8] *See Yamin v. Conn, L.P.*, No. 14-10-00597-CV, 2011 WL 4031218, at *3, *5 (Tex. App.—Houston [14th Dist.] Sept. 13, 2011, no pet.) (mem. op.) (construing language in a guaranty by which the guarantor waived the landlord's obligation to provide a demand to trigger the guarantor's obligation along with language stating that "no delay or omission by Landlord in exercising any power or right hereunder shall impair any such right or power or be construed as a waiver thereof" and holding that the guarantor's waiver of demand as a condition to payment did not mean the landlord could not rely on a timely asserted demand to begin the running of limitations).

may not, by failing or refusing to perform the condition, toll the running of the statute and reserve for himself the right to sue within the statutory period from such time as he decides to make a demand. On the contrary, *it is the general rule that in such a case a demand must be made within a reasonable time after it may lawfully be made.* What this reasonable time is depends upon the circumstances of each case. . . . [H]owever, in the absence of mitigating circumstances, *a time coincident with the running of the statute will be deemed reasonable, and if a demand is not made within that period the action will be barred.*[9]

As *Wiman* noted, in many situations, the statute of limitations on the principal obligation and the guaranty will run concurrently,[10] and that was the case here. Vakrinos states in his brief that he made no demand on Hargrove or Hartless in their capacities as guarantors until he filed this suit. That date was more than four years from the time that he could have lawfully made a demand under the guaranty, and there was no evidence of mitigating circumstances; thus the demand was not made within a reasonable time.[11] We overrule his second issue.

Vakrinos asks in his third issue whether the trial court reversibly erred by concluding that Hargrove had no authority to bind Hartless. Hartless argues in his brief that the signatures on the lease do not indicate that he and Hargrove

---

[9]*Aetna Cas. & Sur. Co. v. State for Use & Benefit of City of Dallas*, 86 S.W.2d 826, 831 (Tex. Civ. App.—Fort Worth 1935, writ dism'd) (op. on reh'g) (emphasis added); *see also Stevens v. State Farm Fire & Cas. Co.*, 929 S.W.2d 665, 671 (Tex. App.—Texarkana 1996, writ denied).

[10]*Wiman*, 877 S.W.2d at 7.

[11]*See Aetna Cas.*, 86 S.W.2d at 831; *see also Stevens*, 929 S.W.2d at 671.

7

were signing on behalf of or as representatives of the law firm. This issue was not raised at trial, and we will assume for purposes of this appeal that Hartless and Hargrove signed the lease in their representative capacities.[12]

Vakrinos relies on an email sent to him by Hargrove to establish that his claim was brought within the limitations period. After the rent had gone unpaid, Hargrove sent Vakrinos an email stating, "it is my intention, as well as Ken's, to pay this balance. Unfortunately, it will require a payment plan o[f] sorts." Vakrinos argues that this email was a written acknowledgement under civil practice and remedies code section 16.065.[13]

Under section 16.065, "[a]n acknowledgment of the justness of a claim that appears to be barred by limitations is not admissible . . . to defeat . . . limitations if made after the time that the claim is due unless the acknowledgment is in writing and is signed by the party to be charged."[14] Vakrinos contends that because Hartless and Hargrove were jointly and severally liable under the lease and guaranty, Hargrove's email binds Hartless. We disagree.

---

[12]*See Dann v. Team Bank*, 788 S.W.2d 182, 184 (Tex. App.—Dallas 1990, no writ) (stating that "[f]or there to be a guarantor, there must be a primary obligation on the part of another, the performance of which is guaranteed" and that "[u]nder normal circumstances, a written collateral undertaking given to secure a corporate debt will be rendered meaningless if the primary debtor is found to be the sole party liable thereunder" (citations omitted)).

[13]Tex. Civ. Prac. & Rem. Code Ann. § 16.065 (West 2015).

[14]*Id.*

8

An acknowledgement operates as a new obligation, not a revival of a prior debt.[15]   Assuming that Hargrove's email was sufficient to constitute an acknowledgement under the statute, it did so only as to Hargrove, the person who made the acknowledgment and created a new obligation.[16]   The trial court correctly concluded that the limitations period had run as to Hartless before Vakrinos filed suit.   We overrule Vakrinos's third issue.

Although Vakrinos did not bring a separate issue regarding attorney's fees, his brief contains an argument that he was entitled to them under section 38.001 of the civil practice and remedies code.[17]   Because of our disposition of his other issues, we overrule this argument.[18]

---

[15] *See Allied Chem. Corp. v. Koonce*, 548 S.W.2d 80, 82 (Tex. Civ. App.—Houston [1st Dist.] 1977, no writ) (construing former version of statute and stating that "[s]uch a written acknowledgment will not support a cause of action on the old debt based on waiver of the statute of limitation or estoppel from asserting it"); *see also Sheffield Capital Corp. v. Konen*, No. A14-94-00157-CV, 1995 WL 128250, at *2 (Tex. App.—Houston [14th Dist.] Mar. 23, 1995, no writ) (not designated for publication).

[16] *See Weber v. Prinz*, 379 S.W.2d 419, 420 (Tex. Civ. App.—Fort Worth 1964, no writ) (holding that a new promise to pay made by one obligor under a note could not operate as a new promise to pay on behalf of any other obligor on the note).

[17] Tex. Civ. Prac. & Rem. Code Ann. § 38.001 (West 2015).

[18] *See Green Int'l, Inc. v. Solis*, 951 S.W.2d 384, 390 (Tex. 1997) (stating that to recover attorney's fees under section 38.001, a party must prevail on a cause of action for which attorney's fees are recoverable).

Conclusion

Having overruled Vakrinos's three issues, we affirm the trial court's judgment.

/s/ Lee Ann Dauphinot
LEE ANN DAUPHINOT
JUSTICE

PANEL:  DAUPHINOT, MEIER, and GABRIEL, JJ.

DELIVERED:  August 31, 2015